James Howard WARD, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 6-90-086-CR.

Court of Appeals of Texas, Texarkana.

Jan. 23, 1991.

Discretionary Review Refused April 24, 1991.

Discretionary Review Granted May 1, 1991.

Kristin Weaver, Dallas, for appellant.

Patricia Poppoff Noble, Asst. Dist. Atty., Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

James Ward appeals his conviction for burglary of a building. He contends that the evidence is insufficient to sustain his conviction. He bases this contention upon the fact that after the trial court granted a motion to amend and ordered the indictment amended, the State failed to actually change the indictment to reflect the name of the true owner of the stolen property.

We affirm his conviction because we conclude that the indictment was amended and that Ward failed to preserve a claim concerning any defect in the indictment.

Ward was charged by indictment with burglary of a building. The indictment alleged that he entered a building without the effective consent of *Seth Haller*, the owner thereof, with the intent to commit theft. Before trial, the State filed a written motion to amend the indictment to change the name of the owner of the building to *Steve Scott*, the manager of the store which was burglarized. Ward and his attorney signed the motion, entitled Amendment of Indictment With 10 Day Waiver, indicating their waiver of notice of the amendment and waiver of the statutory ten days allowed in which to respond to an amended indictment. Although the trial court granted the motion and ordered the indictment amended, the State made no changes or interlineations on the indictment itself.

■ Ward argues that because the State failed to physically amend the indictment itself, the indictment was never amended. Thus, he maintains that the evidence at trial, showing that *Steve Scott* was the building owner, is insufficient to show that *Seth Haller* was the owner of the burglarized building.

Ward maintains that the record must affirmatively show that the amendment to the indictment was in fact made by the State and that a mere order that the indictment be amended is insufficient. He relies on *Robins v. State*, 9 Tex.Ct.App. 666 (1880); *Turner v. State*, 7 Tex.Ct.App. 596 (1880); and *Cox v. State*, 7 Tex.Ct.App. 495 (1879), to support his position. We conclude that the order itself, providing that the indictment is "hereby amended" is sufficient record of the amendment of the indictment, and we find nothing in the authorities relied upon by Ward to persuade us otherwise. In *Robins*, the court indicated in dicta that simply to order an indictment amended is not sufficient and that the record must affirmatively show that the

amendment was in fact made. *Robins v. State*, 9 Tex.Ct.App. at 668. In *Cox*, the court granted the State's motion to amend the minutes showing presentment of the indictment, but the record itself was never amended or corrected. *Cox v. State*, 7 Tex.Ct.App. at 498. In *Turner*, the court held that a new indictment had not been substituted for a lost indictment because there was no order of record which showed that fact. *Turner v. State*, 7 Tex.Ct.App. at 597–98. These three cases involve the requirement that the record reflect amendment, not the requirements for the amendment itself, and are in no way inconsistent with our conclusion that the record in this case shows that the indictment was amended.

These three cases were recently discussed in a decision which held that a charging instrument is amended when some notation or interlineation appears on the instrument and not when the trial court simply grants a motion to amend. *Rent v. State*, 771 S.W.2d 723, 727 (Tex.App.–Dallas 1989), *aff'd per curiam*, No. 1090–89 —— S.W.2d —— (Tex.Crim.App. Sept. 12, 1990) (not yet reported). In *Rent*, the court held that the defendant does not have notice of the amendment to the indictment until the instrument actually charging the defendant is physically altered or the court's order granting the motion to amend, or some other formal order setting out the substance of the amendment, appears in the record. *Id.* This holding was reiterated in *Bartley v. State*, 789 S.W.2d 288, 291 (Tex.App.–Dallas 1990, no pet.).

In this case, as in *Bartley* and *Rent*, there was no physical change or notation on the face of the charging instrument. The order here, unlike in those cases, was written on the same instrument that asked that the indictment be changed to show that Steve Scott be named as the owner of

the building. The trial court's order on the motion sufficiently apprised the defendant about that which he was charged, and constituted a sufficient order memorializing the substance of the amendment. The indictment was effectively amended.

■ Ward, however, further argues that the trial court itself may not amend an indictment. The State moved to amend the indictment pursuant to Tex.Code Crim. Proc.Ann. art. 28.10 (Vernon 1989)[1] so as to name a different owner of the building. The trial court granted the motion and ordered the amendment. Ward contends that Tex.Code Crim.Proc.Ann. art. 28.11 (Vernon 1989), which provides that amendments of an indictment "shall be made with the leave of the court and under its direction" in effect prohibits the court itself from actually amending an indictment. We disagree. A trial court itself can amend an indictment. *See Cuesta v. State*, 763 S.W.2d 547, 549–50 (Tex.App.–Amarillo 1988, no pet.) (trial court can amend indictment returned by grand jury); *Etchieson v. State*, 653 S.W.2d 930, 934–35 (Tex.App.–Dallas 1983, pet. ref'd) (assuming that deletions made were "amendments" to indictment under Article 28.10, deletions were those of trial court and not those of state). In this case, we determine that it did so. However, even if we are incorrect in so holding, we would nevertheless affirm this judgment because Ward has failed to preserve his claim that the indictment was defective. Preservation of an error concerning a defective indictment now requires more than it once did.

Before 1985, the failure to allege an element of an offense in the charging instrument was a substance defect and was considered fundamental error. *Harrell v. State*, 643 S.W.2d 686, 694 (Tex.Crim.App.

---

1. Tex.Code Crim.Proc.Ann. art. 28.10 (Vernon 1989) provides:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

[Panel Op.] 1982); *Ellerbee v. State,* 631 S.W.2d 480, 481 (Tex.Crim.App. [Panel Op.] 1981). Such a failure was considered jurisdictional in nature. *Green v. State,* 571 S.W.2d 13, 14–15 (Tex.Crim.App. [Panel Op.] 1978); *Seaton v. State,* 564 S.W.2d 721, 726 (Tex.Crim.App. [Panel Op.] 1978). The trial court, therefore, lacked jurisdiction over the case and a conviction based on such an indictment was void and could be challenged at any time. *Ex parte Seaton,* 580 S.W.2d 593, 594 (Tex.Crim.App. [Panel Op.] 1979); *Ex parte Roberts,* 522 S.W.2d 461, 461–62 (Tex.Crim.App.1975).[2]

■ In 1985, Article 5, section 12 of the Texas Constitution was amended.[3] That amendment provides that the *presentment* of an indictment or information confers jurisdiction on the trial court. TEX. CONST. art. V, § 12(b). A defendant must now object to any defects of form or substance prior to trial and by his failure to do so waives any right to raise such an objection on appeal. *Studer v. State,* 799 S.W.2d 263, 273 (Tex.Crim.App.1990); TEX. CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1991). Although the omission or misstatement of an essential element from an indictment is still a substance defect, the instrument constitutes an indictment despite the defect. *Rodriguez v. State,* 799 S.W.2d 301, 303 (Tex.Crim.App.1990); *Stu-*

*der v. State,* 799 S.W.2d at 273. The former requirement that all elements of an offense be alleged in order for the instrument to constitute an indictment or information is no longer in effect.

■ The original indictment which charged that Ward entered the building without the effective consent of Seth Haller was defective. It was, however, still an indictment under the terms of Article 5, Section 12(b). TEX. CONST. art. V, § 12(b). Its presentment to the trial court by the district attorney conferred jurisdiction on that court. *Studer v. State,* 799 S.W.2d at 273. Although we have concluded that the original indictment was effectively amended by the trial court's order, even if we are incorrect in our interpretation of the law in this regard, Ward waived the right to complain on appeal that the instrument is defective. He was required to object to any defects in the indictment prior to trial. His only objection to the amendment prior to trial was that by changing the name of the owner of the building, the State was charging him with a different or additional offense in violation of Article 28.10(c) of the Code of Criminal Procedure.[4] Ward has not, however, raised this issue on appeal. Therefore, he has failed to preserve his

---

**2.** The name of the complainant was considered an essential element of the offense of burglary of a building and was a requisite of an indictment which charged a defendant with that offense. *Ex parte Lewis,* 544 S.W.2d 430, 431 (Tex.Crim.App.1976). The State was required to prove this and every other element of the alleged offense beyond a reasonable doubt. *Jackson v. State,* 419 S.W.2d 370, 371 (Tex.Crim.App. 1967). When, as in this case, a variance existed between the allegations in an indictment and the evidence at trial, that variance could render the evidence insufficient to sustain a conviction. *Franklin v. State,* 659 S.W.2d 831, 833 (Tex. Crim.App.1983); *Seiffert v. State,* 501 S.W.2d 124, 126 (Tex.Crim.App.1973). Unnecessary words or allegations in an indictment could be rejected as surplusage if they were not descriptive of that which was legally essential to the validity of the indictment. *Windham v. State,* 638 S.W.2d 486, 487 (Tex.Crim.App.1982). But where the unnecessary matter was descriptive of that which was legally essential to charge a crime, it was required to be proven as alleged, even if it was needlessly stated. *Weaver v. State,* 551 S.W.2d 419, 421 (Tex.Crim.App.1977).

**3.** Article 28.10 of the Texas Code of Criminal Procedure was amended at the same time.

**4.** Ward argued prior to trial that the State's proposed amendment of the indictment to allege theft of property owned by Steve Scott rather than by Seth Haller as originally alleged would result in his being charged with a different offense. Article 28.10(c) of the Code of Criminal Procedure prohibits such an amendment over the defendant's objection. Whether such an amendment did, in fact, charge Ward with a different or additional offense is perhaps an open question. *See Flowers v. State,* 785 S.W.2d 890, 894 (Tex.App.–El Paso 1990, pet. granted) (State's amendment of indictment before trial to change name of complainant results in defendant being charged with different offense in violation of Article 28.10(c)). *But see Sonnier v. State,* 764 S.W.2d 348, 351 (Tex.App.– Beaumont 1989, no pet.) (amendment of indictment which changes date of offense as well as name of complainant does not violate Article 28.10(c)). We decline to address this issue at this time.

claim that the indictment is defective. *See* TEX.R.APP.P. 74(d).

The judgment of the trial court is affirmed.