**James Howard WARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 207–91.**

Court of Criminal Appeals of Texas, En Banc.

March 18, 1992.

Rehearing Denied May 20, 1992.

R.K. Weaver, on appeal only, Dallas, for appellant.

John Vance, Dist. Atty., and Patricia Poppoff Noble and Mark Nancarrow, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted in a bench trial of burglary of a building. V.T.C.A. Penal Code § 30.02. Appellant pled "true" to the two enhancement allegations in the indictment, and the trial judge sentenced appellant to 25 years confinement in the Texas Department of Corrections.[1] The court of appeals overruled appellant's sole point of error, challenging the sufficiency of the evidence, and affirmed the conviction. *Ward v. State*, 804 S.W.2d 204 (Tex.App.—Texarkana 1991). We granted the appellant's petition for discretionary review on three grounds to determine whether the court of appeals erred in holding: (1) that the evidence was sufficient to support the verdict; (2) that appellant failed to preserve the issue of sufficiency of the evidence for appellate review; and (3) that appellant was challenging the propriety of the attempted amendment of the indictment in this cause. We will reverse the judgment of the court of appeals.

The indictment in this cause alleged, in pertinent part, that appellant did

unlawfully, knowingly and intentionally enter a building not then and there open to the public, without the effective consent of SETH HALLER, the owner thereof, with the intent to commit theft[.]

On August 17, 1989, the day of trial, the State filed a motion to amend the indictment, pursuant to Art. 28.10, V.A.C.C.P., to change the name of the complaining witness from "Seth Haller" to "Steve Scott." Appellant objected that allowing the amendment caused the indictment to charge him with a "new or different or additional" offense as prohibited by Art. 28.10(c). The trial judge overruled the objection and granted the State's motion. The motion reflects the desired change in the complainant's name and incorporates the trial judge's order granting the State's motion. The order simply states "[t]he foregoing Motion is hereby granted and the indictment is hereby amended." In spite of the language of the court's order, no interlineation regarding the complainant's name was made on the grand jury's indictment. After ruling on several defense motions, the trial judge proceeded to the trial on the merits.

Briefly, the evidence showed that appellant and two cohorts burglarized the Radio Shack store in the Richardson Heights shopping center in Dallas County. Steve

---

1. Now called the Texas Department of Criminal Justice—Institutional Division.

Scott testified that he was the manager of the Richardson Heights store at the time of the offense, and that Seth Haller was the manager of the Radio Shack store at the Campbell Road center. At the conclusion of the State's case-in-chief, appellant moved for a verdict of acquittal, arguing the State failed to prove he entered the Radio Shack store at a time when it was not open to the public. No argument was made regarding the evidence to support the complaining witness allegation. The trial court obviously denied the motion and subsequently found the appellant guilty.

On direct appeal to the court of appeals, appellant contended the evidence was insufficient to sustain his conviction because the State failed to prove that he did not have the permission of the named complainant, Seth Haller, to enter the Radio Shack store. Appellant argued that although the State "sought and received permission to amend the indictment[,] ... it did not in fact make the permitted amendment." Appellant's brief at p. 4. Citing old caselaw [2], appellant asserted the record must affirmatively show that an actual physical amendment was made on the *face* of the indictment by the State, and that the trial court's order in this cause was insufficient for that purpose. Under Art. 28.11, V.A.C.C.P., appellant contended, amendments to indictments are not *made* by the trial court, but rather are made *"with leave of court and under its direction."* (emphasis added). According to appellant, the State thus proceeded to trial on the indictment handed down by the grand jury, which alleged Seth Haller as the complainant, resulting in a fatal variance between the State's pleading and its proof.

The court of appeals affirmed appellant's conviction, holding the indictment was amended and that appellant failed to preserve for review a claim concerning any defect in the indictment. *Ward,* 804 S.W.2d at 205. The court of appeals concluded the trial court's order, providing "the indictment is hereby amended," was sufficient record of the amendment. In so concluding, the appellate court distinguished *Robins, Cox,* and *Turner* as requiring that the record reflect an amendment, and not as providing requirements for the amendment itself. The court determined these three cases were not inconsistent with its holding that the record in this cause showed the indictment was amended. *Ward,* 804 S.W.2d at 206. The court also distinguished two apparently conflicting decisions from the Fifth Court of Appeals [3] as holding that a defendant does not have notice of an amendment to the indictment until the charging instrument is physically altered or the court's order granting the motion to amend, or some other formal order setting out the substance of the amendment, appears in the record. *Id.* In neither *Bartley, Rent,* nor this cause was there any physical change or interlineation on the face of the charging instrument.[4] However, the court found dispositive in this case that the trial court's order was written on the same instrument which asked that the complaining witness's name be changed in the indictment, and this "constituted a sufficient order memorializing the substance of the amendment. The indictment

**2.** *Robins v. State,* 9 Cr.R. 666 (1880); *Turner v. State,* 7 Cr.R. 596 (1880); and *Cox v. State,* 7 Cr.R. 495 (1879).

**3.** *Bartley v. State,* 789 S.W.2d 288 (Tex.App.—Dallas 1990, no pet.), and *Rent v. State,* 771 S.W.2d 723 (Tex.App.—Dallas 1989). We granted the State's petition for discretionary review in *Rent,* and affirmed the court of appeals' judgment in a *per curiam* opinion. See *Rent v. State,* 1990 WL 130491 (Tex.Crim.App. No. 1090–89 delivered September 12, 1990), *aff'd. on reh'g.,* (Tex.Crim.App. No. 1090–89 delivered

this day) (Opinion on State's Motion for Rehearing).

**4.** In *Rent,* no interlineation was made at the time the trial judge granted the State's motion to amend, but the indictment was later physically amended by the State, under the trial court's direction, at a pretrial hearing held approximately six weeks after the trial court granted the State's motion.

In *Bartley,* the trial court granted the State's oral motion to amend the indictment. No interlineation was made on the indictment, and only

was effectively amended." [5]  *Ward,* 804 S.W.2d at 206.

Appellant also argued in the court of appeals that Art. 28.11, V.A.C.C.P., prohibited the trial court from actually amending the indictment, i.e., that the trial court's order granting the State's motion to amend was ineffective as an "amendment." Relying on *Cuesta v. State,* 763 S.W.2d 547, 549–550 (Tex.App.—Amarillo 1988, no pet.), and *Etchieson v. State,* 653 S.W.2d 930, 934–35 (Tex.App.—Dallas 1983, pet. ref'd.), and without further analysis, the court of appeals concluded the trial court itself can amend an indictment. *Ward,* 804 S.W.2d at 206. The court also stated, however, that even if it were incorrect in this holding, it would affirm appellant's conviction because he failed to preserve his claim that the indictment was defective under *Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App. 1990), and Art. 1.14(b), V.A.C.C.P. *Id.* at 206–207.

As noted *supra,* we granted the appellant's petition for discretionary review on three grounds: whether the court of appeals erred in holding (1) that the evidence was sufficient; (2) that appellant failed to preserve for review the issue of sufficiency of the evidence; and (3) that appellant was challenging the propriety of the amendment since the only issue raised on direct appeal was the sufficiency of the evidence. The three grounds for review are interrelated, and appellant has consolidated in his brief his arguments and authorities in support of these grounds.

### The Meaning of the Term "Amend"

Appellant's first ground for review asserts "the court of appeals erred in holding that the evidence is insufficient [sic] to support the instant verdict since the instant indictment was not in fact amended." This ground for review requires this Court to interpret the provisions of Arts. 28.10 and 28.11, V.A.C.C.P., and determine precisely when an indictment is "amended" as that term is used in the statutes. The two statutes provide in full:

**Art. 28.10. Amendment of Indictment or Information**

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

**Art. 28.11. How Amended**

All amendments of an indictment or information shall be made with the leave of the court and under its direction.

◼ In interpreting statutes, this Court attempts to effectuate the collective intent or purpose of the legislature. *Dillehey v. State,* 815 S.W.2d 623 (Tex.Crim. App.1991), citing *Patterson v. State,* 769 S.W.2d 938, 941 (Tex.Crim.App.1989) (most common rule of statutory construction is for judiciary to attempt to effectuate intent of legislature). We are also mindful of the statutory construction aids provided in § 311.023 of the Government Code [6] for our

---

the original indictment was included in the transcript.

**5.** By holding the indictment was "amended," the court of appeals implicitly concluded the evidence was sufficient to support appellant's conviction; however, there is no express holding as to the sufficiency of the evidence, appellant's

sole point of error, in the court of appeals' opinion. *See Ward,* 804 S.W.2d 204.

**6.** Section 311.023, Statute Construction Aids, provides:

In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the:

(1) object sought to be attained;

interpretive analysis. Moreover, in determining the meaning of a word employed in a statute, "the inquiry is not as to its abstract meaning, but as to the sense in which it is used when the legislative purpose so requires." *Camacho v. State*, 765 S.W.2d 431, 433 (Tex.Crim.App.1989). Typically, a word is construed according to its plain meaning, but a word may be given a broader or a narrower meaning than that which it has in ordinary usage. *Id.*, citing *Baldridge v. State*, 167 Tex.Cr.R. 519, 321 S.W.2d 309, 310 (1959). The principal rule is that a statute, when susceptible to more than one construction, will be interpreted so as to secure the purpose or benefit intended. *Id.*

Appellant asserts that the plain meaning of the word "amend," as used in Art. 28.10, supports his contention that the indictment was not in fact amended by the trial court's order granting the State's motion to amend. In its common and ordinary usage, "amend" means "to put right; *specif:* to make emendations in (as a text) ... to change or modify for the better ... to alter esp. in phraseology; *specif:* to alter formally by modification, deletion, or addition ..." *Webster's New Collegiate Dictionary*, G. & C. Merriam Company, (1977). In legal terminology "amend" has substantially the same meaning, *viz:* "To improve. To change for the better by removing defects or faults. To change, correct, revise." (citations omitted). *Black's Law Dictionary*, West Publishing Company, 4th Ed. Thus, according to appellant, an indictment is amended only by "actually altering, changing, correcting or improving" it. Appellant's brief at p. 10.

The legislative history of the amendment to Art. 28.10 provides little insight into the precise meaning the legislature attached to the word "amend." [7] Tape recordings of the Senate Criminal Justice Committee hearings on Senate Bill 169 and the House Criminal Jurisprudence Committee hearings on House Bill 366 reveal our legislators had several concerns with the proposed changes in criminal pleadings practice.[8] Germane to the issue in this petition, Senator Glasgow queried whether there were "any constitutional problems in this bill authorizing a district attorney and a judge to amend an indictment as a matter of substance, as that would conflict with the route of a grand jury." The witness, Ralph Petty, an Assistant District Attorney in Bell County, responded:

> [Y]es, obviously, yes. Except that with the companion bill to this, for a constitutional amendment [SJR 16], allowing the courts to do just exactly that. And without that companion bill there is going to be no amendment to the substance of an indictment because it is no longer an act of the grand jury but is an act of the prosecutor or the court amending the bill. So you have to have this SJR 16, or else you are not going to be able to contemplate any change in that indictment. You can delete therefrom, you can strike surplusage, but you can never

---

(2) circumstances under which the statute was enacted;

(3) legislative history;

(4) common law or former statutory provisions, including laws on the same or similar subjects;

(5) consequences of a particular construction;

(6) administrative construction of the statute; and

(7) title (caption), preamble, and emergency provision.

**7.** The amendments to Arts. 1.14, 28.09, and 28.10 of the Code of Criminal Procedure were provided for in Senate Bill No. 169, which was the implementing legislation for the constitutional amendment to Art. V, § 12 of the Texas Constitution. See Acts 1985, 69th Leg., ch. 577. The provisions of this amendatory act state the change in law takes effect December 1, 1985, only if the constitutional amendment to Art. V, § 12 is approved by the voters, which approval came on November 5, 1985. The changes in Arts. 1.14, 28.09, and 28.10 apply only to an indictment or information presented to the court on or after the effective date of the amendatory act.

**8.** For example, legislators and witnesses at the hearing expressed concerns about the constitutionality of allowing a matter of substance to be amended as a conflict with the grand jury's function, whether the bill abolished the grand jury system, whether amending a matter of substance meant charging a different statutory offense, the difference between a matter of form and a matter of substance, and the time period allowed for trial preparation after amendment.

add to an indictment. And the bill contemplates adding an element of the offense when you drop one. And that brings up another issue.

Senator Brown commented later that SJR 16 was intended to give the courts jurisdiction over the contents of an indictment, otherwise the enabling legislation would have no effect. Senator Harris echoed this statement, that SJR 16 gave the courts jurisdiction to make amendments, when urging its passage before the full senate.

Some of the most illuminating testimony, during the house committee hearing, came from Steve Cheney, who testified that the purpose of HB 366 was to allow a trial judge to correct errors in an indictment before trial by allowing the State to either amend the indictment or reindict the accused. When asked by Representative Schoolcraft whether "a judge can just amend an indictment or do you have to send it back to the grand jury[,]" Cheney responded:

I wish I knew more about that subject. That's one I have problems with. There has to be some type of flexibility, either by a bill of particulars or the way this [HB 366] says, and how you define substance was a very good question. You can't simply thwart the will of the grand jury by coming up in the amendment process by coming up [sic] with a new offense. How you draft that legislation, I haven't figured it out yet. I've thought about it, but I don't know that I have the answer.

In testifying against the bill, Arch McColl, a Dallas defense lawyer, argued that HB 366 would give prosecutors a "blank check" and allow them to add or change any matter of form or substance in the indictment.[9]

From reading the transcripts of the hearings, we find that the legislators' primary concern can be fairly summarized as follows: What type substantive errors could be corrected in an indictment without thwarting the will of the grand jury or violating an accused's constitutional right to grand jury indictment in a felony cause? Although there were references to a court or prosecutor amending a charging instrument, *there was no testimony regarding the actual physical mechanics of making an amendment to a charging instrument.* This lack of testimony indicates to us the legislature did not attach any technical or particular meaning to the term "amend," and thus we will not frustrate legislative intent by applying a hypertechnical interpretation to the term.

We find further guidance as to the meaning of "amend" from Art. 28.11 which addresses how a charging instrument is amended. Although this Court has not recently addressed the requisites of Art. 28.-11, two courts of appeals have. In *Etchieson v. State,* 653 S.W.2d 930 (Tex.App.—Dallas 1983, pet. ref'd.), the trial court quashed the first of two enhancement paragraphs pursuant to appellant's motion. The State then moved to strike certain words [10] from the second enhancement paragraph, and the trial judge granted that motion. The trial judge then instructed the prosecutor to singularize the second enhancement paragraph so that it made no reference to the first. The appellant contended on appeal that the trial judge's instruction to omit reference to the first enhancement paragraph violated Art. 28.11 and Art. I, § 10, Tex. Const., because it was done without a motion indicating the changes to be made. *Etchieson,* 653 S.W.2d at 933. The court of appeals, assuming *arguendo* the deletions were "amendments" under Art. 28.10 [11], found no violation because "the record is clear that the trial court closely monitored the changes made after the motion to strike, and that the deletions were those of the

---

**9.** This same concern was expressed by Dain Whitworth during the Senate committee hearings.

**10.** The words, which were illogically placed in the enhancement paragraph, were the defendant's name and "the said."

**11.** The court of appeals had initially determined the deletions were not amendments which invoked the provisions of Art. 28.10. 653 S.W.2d at 932–933. This decision was rendered under Art. 28.10 prior to its amendment in 1985 and is not dispositive of this case in any way.

judge and not those of the State." *Id.* at 933–934.

In *Cuesta v. State,* 763 S.W.2d 547 (Tex. App.—Amarillo 1988, no pet.), the State moved to amend the sexual assault indictment, and the indictment was in fact amended by the substitution of the words "sexual organ" for "vagina" and the addition of the phrase "and [the victim] believed that said defendant had the present ability to execute said threats[.]" On appeal, the appellant contended, *inter alia,* Arts. 28.10 and 28.11 were unconstitutional in violation of the separation of powers provision of Art. II, § 1, Tex. Const. The court of appeals noted that according to Art. V, § 12(b), Tex. Const., the practice and procedures relating to the amendment of indictments are "as provided by law." [12] *Cuesta,* 763 S.W.2d at 549. Thus, the court concluded that the legislature, through enactment of Arts. 28.10 and 28.-11, had "adopted a procedure by which one tribunal of the judicial branch, the trial court, may amend an indictment originally returned by another tribunal of the judicial branch, the grand jury." *Id.* at 549–550.

■ The court of appeals in the case at bar relied upon both *Etchieson* and *Cuesta* in concluding that pursuant to Art. 28.11 the trial court itself can amend an indictment. *See Ward,* 804 S.W.2d at 206. In so concluding, the court of appeals rejected appellant's argument that the trial court could not amend the indictment with its order granting the State's motion. Our reading of Art. 28.11 leads us to agree with appellant's position.

Article 28.11 tells us how charging instruments are amended; that is, "with leave of the court and under its direction." This article, which must be considered in this interpretative analysis of Art. 28.10, uses a phrase which has acquired a particular meaning in legalese and provides us with insight as to how a charging instrument is in fact amended. According to the *Black's Law Dictionary,* "leave of court" means:

> [P]ermission obtained from a court to take some action which, without such permission, would not be allowable; as, to sue a receiver, to file an amended pleading, to plead several pleas. [citation omitted]

■ According to Art. 28.11, then, as we read it, if the State wishes to amend a pleading it must first request permission of the trial court. A "motion for leave to amend" is an appropriate vehicle to use to accomplish this task. However, it is merely the vehicle which puts the amending process in motion. By delineating in the motion the changes it desires to make to the charging instrument, the State apprises the trial judge of the proposed change, allowing the judge to determine whether the proposed amendment is proper under Art. 28.10 [13], and, if so, he may grant the State the permission to amend. In this sense, the amendment is done with leave of the court (i.e. the trial judge's permission) and under its direction (i.e. the trial judge's knowledge of the specific changes to be made, and the manner of making them, which he has deemed proper under the law). Neither the motion itself nor the trial judge's granting thereof is *the amendment;* rather the two comprise the authorization for the eventual amendment of the charging instrument pursuant to Art. 28.10. The amendment, then, is the actual alteration of the charging instrument. [14]

This interpretation of Art. 28.11 is consistent with *Flores v. State,* 82 Tex.Cr.R. 107, 198 S.W. 575 (1917), an early case discussing that statute [15], where this Court found no error in the trial judge allowing an amendment to an indictment. In re-

---

12. *See* footnote 7, *supra.*

13. Article 28.10(a) does provide for amendment over a defendant's objection, while Section (b) allows for amendment if the defendant does not object at all. *State v. Murk,* 815 S.W.2d 556, 558 (Tex.Crim.App.1991). Section (c) also allows amendment if the defendant does not object.

14. By, for example, handwriting, typing, interlining, striking out, etc.

15. The *Flores* case addressed the issue under Art. 599, V.A.C.C.P. (1911), a predecessor to Art. 28.11. The statute has remained unchanged by revision or otherwise since at least 1895.

sponse to the defendant's motion to quash in that case, the district attorney moved for leave to amend the indictment to reflect the date on which prohibition went into effect.[16] Under the direction of the trial court, the prosecutor was permitted to amend the indictment by *inserting* the effective date. After this amendment by the State, the trial judge overruled the motion to quash, and this Court found no error in "[a]ll this action by the court[.]" 198 S.W. at 577.

More importantly, our holding that "amend" means an actual alteration in the charging instrument itself is also consistent with state constitutional guarantees. Article I, § 10 of the Texas Constitution guarantees an accused the right to be informed of the nature and cause of the accusation against him in a criminal prosecution. It has long been held that this information must come from the face of the indictment. *See e.g. Benoit v. State,* 561 S.W.2d 810, 813 (Tex.Crim.App.1977), citing *Wilson v. State,* 520 S.W.2d 377 (Tex.Crim.App.1975), and *Voelkel v. State,* 501 S.W.2d 313 (Tex.Crim.App.1973). Indeed, the accused is not required to look elsewhere. *Baker v. State,* 123 Tex.Crim. 209, 58 S.W.2d 534 (1933). When writing on this notice requirement, former Presiding Judge Onion stated for the Court:

It is, of course, not sufficient to say that the accused knew with what offense he was charged, but the inquiry must be whether the charge in writing furnished that information in plain and intelligible language. *Wilson v. State,* supra; *Moore v. State,* 473 S.W.2d 523 (Tex.Cr. App.1971).

*Benoit,* 561 S.W.2d at 813. This fundamental guarantee enables the accused to learn in advance of trial and with reasonable certainty with what he is being charged so that he can properly prepare his defense. *Wilson,* 520 S.W.2d at 379. Certainly, the motion to amend and the trial judge's order granting it serve as notice to the accused of what changes will be made

to the pleadings. However, that is not notice of the *charge* against him. Thus, concluding that "amendment" means an actual alteration to the document charging an offense ensures the accused of his constitutional right to be informed, from the face of the charging instrument, of the nature and cause of the accusation against him.

■ Reaching this conclusion, we conclude the court of appeals erred in holding the trial court's order granting the State's motion to amend was an amendment of the indictment as that term is used in Arts. 28.10 and 28.11. Specifically, the appellate court stated:

[T]he trial court's order on the motion sufficiently apprised the defendant about that which he was charged, and constituted a sufficient order memorializing the substance of the amendment. The indictment was effectively amended.

*Ward,* 804 S.W.2d at 206. We have no quarrel with the court of appeals' statement that the motion sufficiently memorialized the substance of the proposed amendment. The document sets out in writing the substantive allegation to be changed, *viz:* "change complainant from 'Seth Haller' to 'Steve Scott'." While the motion apprised appellant of the proposed change to the indictment, knowledge necessary so that appellant may make a valid objection under Art. 28.10, the motion itself does not sufficiently apprise him of that with which he is charged. It merely tells him who the State now wishes to plead as the complaining witness. Even if the motion sufficiently apprised appellant of the accusation against him, it would be insufficient under state constitutional provisions. *See* discussion *supra* at pp. 793–794. It is well-established in this state that the notice must come from the face of the charging instrument, not a motion or trial court order attached thereto. The State's motion and the trial court's order satisfied the requisites of Art. 28.11, but the document[17] itself does not constitute the actual amendment. The indictment in this cause was

---

**16.** The defendant was convicted of the unlawful sale of intoxicating liquor in territory where the sale thereof was prohibited. *Flores,* 198 S.W. at 576.

**17.** The motion and the order were incorporated in a one-page document.

not altered by interlineation to allege "Steve Scott" as the complaining witness. There being no alteration to the face of the indictment, we hold the indictment was never in fact amended. The court of appeals erred in holding otherwise.

Appellant's first ground for review, the sufficiency of the evidence question, may now be addressed. As we indicated *supra* in footnote 5, resolution of the sufficiency question turned solely on resolution of the amendment issue. We held the indictment was not in fact amended in this cause. Consequently, the State's proof that the owner of the burglarized building was Steve Scott was insufficient to prove the owner was Seth Haller as alleged in the indictment. The evidence is therefore insufficient to support appellant's conviction. Appellant's first ground for review is sustained.

### Substance Defects v. Amendments

As to appellant's third ground for review [18], we first note that the court of appeals did *not* expressly hold that appellant challenged the propriety of the amendment on appeal, but rather held that appellant failed to preserve for review his claim that the indictment was defective, *Ward*, 804 S.W.2d at 206, and his claim that changing the name of the complaining witness violated Art. 28.10(c). *Id.* at 207. In this case, challenging the propriety of the amendment and challenging the validity of the indictment present different issues under different procedural statutes.

■ The court of appeals concluded appellant failed to preserve his claim of a defective indictment under the principles enunciated in *Studer*, 799 S.W.2d 263, a case which interpreted the newly amended provisions of Art. V, § 12, Tex. Const. and Art. 1.14, V.A.C.C.P. The record reveals appellant did not make any objection before

trial, or any time thereafter, that there was a "defect, error, or irregularity of form or substance" within the indictment pursuant to Art. 1.14(b).[19] Under *Studer* any such claim of deficiency would be waived. We find, however, that the only "error" in this indictment was the State's mistake in alleging "Seth Haller" as the owner of the Radio Shack store. Recognizing its error, the State moved, expressly pursuant to the provisions of Art. 28.10, to correct its pleading error by amending the indictment to reflect the correct name of the complaining witness. Appellant's only objection regarding this indictment came in response to the State's motion to amend the indictment, which objection also expressly invoked the provisions of Art. 28.10(c).[20] Although the State moved to amend a matter of substance in the indictment, *viz:* the owner of the building, appellant's only objection was to the actual *amending* of the indictment under Art. 28.10, and not to any pleading defect of form or substance within the indictment under Art. 1.14. The court of appeals' reliance on *Studer* and Art. 1.14 in this case was misplaced, and consequently its rationale was erroneous.

The record reflects appellant's only challenge to the indictment was his objection to the propriety of the amendment under Art. 28.10(c). Nevertheless, any claim by appellant on appeal that the *amendment* of the indictment was *improper* under Art. 28.-10(c) would be barred because appellant, although objecting on that ground pretrial, did not raise the issue on direct appeal. The court of appeals so noted appellant had waived this claim. *See Ward*, 804 S.W.2d at 207–208. The court made no express holding that appellant was challenging the propriety of the amendment, but rather only concluded in dicta that appellant had not raised this claim, and therefore any

18. In this ground appellant asserts the court of appeals erred in holding that he was challenging the propriety of the attempted amendment of the indictment in this cause.

19. *See* Arts. 21.01 and 21.21, V.A.C.C.P., for requisites of indictments and informations; Arts. 27.08, 27.09, and 21.23, V.A.C.C.P., for excep-

tions to matters of form and substance in indictments and informations.

20. The trial judge recited on the record that "[d]efense counsel has entered an objection this constitutes a new or different or additional defense [sic] under 2810(c) [sic] of the Code of Criminal Procedure."

claim of impropriety was waived. Appellant's third ground for review is overruled.

As for appellant's second ground for review, we now find that our decision to grant appellant's petition for discretionary review on this ground was improvident. Tex.R.App.Proc. 202(k). That part of appellant's petition is therefore dismissed.

Having sustained appellant's first ground for review, we reverse the judgment of the court of appeals and remand this cause to the trial court for the entry of a judgment of acquittal.[21]

McCORMICK, P.J., and WHITE, J., concur in the result.

---

**21.** In its brief, the State contends we should apply a harm analysis to trial court error committed under Art. 28.10. (See State's brief at pp. 793–794). We note the issue in this case is the sufficiency of the evidence, and a harm analysis is inapplicable in this context.