IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-058-CR




LEO MAY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 18,361, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of delivering less than twenty-eight grams of cocaine. 
Texas Controlled Substances Act, Tex. Health & Safety Code Ann. § 481.112 (West 1992). The
jury assessed punishment, enhanced by two previous felony convictions, at imprisonment for life
and a $20,000 fine. Tex. Penal Code Ann. § 12.42(d) (West Supp. 1993). (1) We will sustain
appellant's first point of error, in which he complains that the indictment did not authorize
punishment as a habitual felon. 

 The grand jury's indictment was filed on September 10, 1992. No previous felony
convictions were alleged for enhancement of punishment. On January 8, 1993, the State filed a
motion to amend the indictment to add two enhancement paragraphs. The district court granted
the State's motion to amend without objection by appellant. Although the enhancement
paragraphs were set out in both the motion to amend and the order granting the motion, the
indictment itself was not physically altered to add the paragraphs. Trial began eleven days later. 
At the beginning of the punishment stage, the two enhancement paragraphs were read to the jury
and appellant entered a plea of true to both. Without objection, the court's charge authorized the
jury to assess punishment pursuant to article 12.42(d) if it found the enhancement allegations to
be true. The jury returned a verdict finding that appellant had two previous felony convictions
and assessing punishment accordingly.

 Although the State must obtain the permission of the trial court to amend an
indictment, neither the motion for leave to amend nor the order granting the motion constitutes
the amendment itself. Ward v. State, 829 S.W.2d 787, 793 (Tex. Crim. App. 1992). The
amendment of an indictment is accomplished by the actual alteration of the instrument by
handwriting, typing, interlining, or some other method. Id. In this cause, the indictment was
never physically altered to add the two enhancement paragraphs. Therefore, under Ward, the
indictment was never amended and the enhancement paragraphs were not alleged in the
indictment.

 Our constitution guarantees an accused the right to be informed of the nature and
cause of the accusation against him, and this information must come from the face of the
indictment. Tex. Const. art. I, § 10; Ward, 829 S.W.2d at 794. This constitutional right to
notice extends to the enhancement of punishment by proof of previous convictions. See White v.
State, 500 S.W.2d 529, 530 (Tex. Crim. App. 1973) (to enhance punishment, previous
convictions must be alleged in indictment); Parasco v. State, 309 S.W.2d 465, 467 (Tex. Crim.
App. 1958) (defendant entitled to notice in indictment of any previous conviction the State seeks
to use for enhancement of punishment). The State concedes that, under Ward, the indictment was
never amended to add the enhancement allegations. It therefore follows that while appellant was
given actual notice of the State's intention to seek an enhanced punishment, the notice given was
not constitutionally adequate. 

 The State argues that appellant waived any error by failing to object to the
indictment or to the amending of the indictment. See Tex. Code Crim. Proc. Ann. art. 1.14(b)
(West Supp. 1993) & art. 28.10 (West 1989). Appellant does not complain that there was any
defect of form or substance in the indictment. Thus, article 1.14(b) does not apply and appellant's
failure to object to the indictment is of no consequence to this appeal. Ward, 829 S.W.2d at 795. 
Similarly, appellant does not assert that the indictment was improperly amended, but instead
argues that there was no amendment at all. Thus, appellant's failure to bring forward an objection
pursuant to article 28.10 does not bar his complaint that the previous convictions used to enhance
his punishment were not alleged in the indictment. Id.

 Delivery of less than twenty-eight grams of cocaine is a first degree felony. Health
& Safety Code § 481.112(b). The punishment assessed is within the range prescribed for the
offense. Tex. Health & Safety Code Ann. § 481.106 (West 1992). We are not convinced,
however, that the jury's determination of the proper punishment was not influenced by the higher
minimum term of imprisonment specified by section 12.42(d). The judgment of conviction is
reversed and the cause is remanded for new trial as to punishment. Tex. Code Crim. Proc. Ann.
art. 44.29(b) (West Supp. 1993). (2)



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Reversed and Remanded

Filed: August 25, 1993

[Do Not Publish]
1. Section 12.42(d) does not authorize assessment of a fine, as appellant points out in his third
point of error. See Bogany v. State, 661 S.W.2d 957 (Tex. Crim. App. 1983). Because other
error requires that the judgment be reversed and the cause remanded for a new trial on
punishment, we do not reach this point of error.
2. Because appellant's other points of error allege error at the punishment stage, they are
rendered moot by our disposition of point one.