Grafton Leroy RINEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–96–01877–CR.

Court of Appeals of Texas,
Dallas.

Nov. 13, 2001.

Victoria E. Abbott, Coppell, for appellant.

Patricia Poppoff Noble, Asst. Dist. Atty., Dallas, for the State.

Before Justices WRIGHT, O'NEILL, and MALONEY.[1]

## OPINION ON REMAND

FRANCES MALONEY, Justice (Retired).

The jury convicted Grafton Leroy Riney of possession of methamphetamine. The trial court sentenced appellant to five years confinement. In his original brief on appeal, appellant raised three issues. He complained (1) a variance in the pleading and proof rendered the evidence legally insufficient, (2) the indictment, if properly amended, had no enhancement paragraphs, and the trial court erred in not punishing him for a state jail felony, and (3) the trial court erred in excluding a statement. On original submission, we sustained appellant's first issue and reversed and acquitted, holding that the indictment was not amended because the original indictment was never interlineated.

The State appealed our decision to the Texas Court of Criminal Appeals. The court reversed, overruling in part its decision in *Ward v. State*, 829 S.W.2d 787 (Tex.Crim.App.1992). The court then remanded the case to this Court for consideration of appellant's remaining issues.

Following remand, we gave the parties the opportunity to rebrief. *See Robinson v. State*, 790 S.W.2d 334, 335–36 (Tex. Crim.App.1990). Both sides filed briefs on remand, and we now consider the two remaining issues from appellant's brief on original submission. We overrule appellant's remaining issues and affirm the trial court's judgment.

## BACKGROUND

The grand jury indicted appellant for possession of one gram or more, but less than four grams, of amphetamine. The indictment contained two enhancement paragraphs. The State moved to amend the indictment by changing the alleged controlled substance to methamphetamine and the amount possessed to less than one gram. The State's motion contained a copy of the first page of the indictment with the requested changes interlineated, but not the enhancement paragraphs. The court of criminal appeals held that the copy of the first page of the indictment attached to the State's motion became the "official" indictment in this case. *Riney v. State*, 28 S.W.3d 561, 566 (Tex.Crim.App. 2000).

## ENHANCED SENTENCE

In his second issue, appellant contends the trial court erred in not punishing him for a state jail felony. Appellant argues that because the amended indictment did not include the enhancement paragraphs,

[1]. The Honorable Frances Maloney, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

the trial court had no authority to enhance his punishment. We disagree.

### 1. Applicable Law

■ An enhancement paragraph provides the defendant with written notice of the prior conviction on which the State will rely to enhance his punishment. *Coleman v. State,* 577 S.W.2d 486, 488 (Tex.Crim. App.1979). Although the grand jury need not allege an enhancement paragraph in the indictment, the State must plead an enhancement paragraph in some form. *Brooks v. State,* 957 S.W.2d 30, 32–34 (Tex. Crim.App.1997).

### 2. Application of Law to Facts

■ The record before this Court contains both (1) the original two-page indictment with the enhancement paragraphs and (2) the State's motion to amend the indictment with the first page thereof attached and interlineated. Consequently, the record contains a pleading of the enhancement paragraphs that provided appellant with written notice of the prior convictions on which the State intended to rely to increase his punishment. It is irrelevant that they are no longer part of the "official" indictment. *See Brooks,* 957 S.W.2d at 34. Thus, the trial court did not err in imposing an enhanced sentence. We resolve appellant's second issue against him.

### EXCLUDED TESTIMONY

In his third issue, appellant contends the trial court erred in excluding his son's hearsay statement. Specifically, appellant contends the statement falls under the excited utterance exception to the hearsay rule. *See* Tex.R. Evid. 803(2).

### 1. Standard of Review

■ We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Green v. State,* 934 S.W.2d 92, 101–02 (Tex.Crim.App.1996). Absent an abuse of discretion, we do not disturb a trial court's ruling on the admissibility of hearsay evidence. *Coffin v. State,* 885 S.W.2d 140, 149 (Tex.Crim.App.1994).

### 2. Applicable Law

■ Hearsay is a statement made by someone, other than the declarant, while testifying at trial, that is offered to prove the truth of the matter asserted. Tex.R. Evid. 801(d). As a general rule, hearsay is inadmissible except as provided by statute or the rules of evidence. Tex.R. Evid. 802. Under this rule, hearsay does not exclude a statement if it relates to a startling event and is made while the declarant is under the stress of excitement caused by the event. Tex.R. Evid. 803(2). We determine whether a statement is admissible as an excited utterance under the rules by determining whether, at the time the statement was made, the declarant was still "dominated by the emotions, excitement, fear, or pain of the event." *McFarland v. State,* 845 S.W.2d 824, 846 (Tex.Crim.App.1992). We consider elapsed time when determining the admissibility of an excited utterance. *Id.*

### 3. Application of Law to Facts

■ Appellant's former common-law wife, Mrs. Riney, testified on appellant's behalf. Appellant's son and girlfriend came to stay with Mrs. Riney following appellant's arrest. The son was visibly upset when the son arrived at her house, but not excited, about his father's arrest. When appellant attempted to introduce testimony of what the son told Mrs. Riney about appellant's arrest, the State objected on hearsay grounds. After a hearing outside the presence of the jury, the trial

court sustained the objection.[2]

Additionally, Mrs. Riney initially testified that appellant's son and girlfriend arrived a few weeks after appellant's arrest. She later testified that they arrived about eight hours after appellant's arrest. Conflicting testimony existed on when appellant's son made the statement, and the trial court resolved that conflict against appellant. *See Fairow v. State,* 943 S.W.2d 895, 901 (Tex.Crim.App.1997). Under these circumstances, we conclude the trial court did not abuse its discretion in excluding the hearsay statement. We resolve appellant's third issue against him.

We affirm the trial court's judgment.

2. At the hearing outside the presence of the jury, appellant's counsel stated that Mrs. Riney would have testified that appellant's son told her the drugs did not belong to appellant.