In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-00-00820-CR

____________


HERBERT C. CALDWELL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Criminal Court at Law No. 13

Harris County, Texas

Trial Court Cause No. 990776







O P I N I O N

 Appellant, Herbert C. Caldwell, was charged with indecent exposure, enhanced by a
prior misdemeanor conviction. After finding appellant guilty of the charged offense and the
allegations in the enhancement paragraph true, the jury assessed punishment at 180 days
confinement, probated for two years, and a $2,000 fine. Appellant raises two points of error
claiming (1) the trial court committed fundamental error because the jury charge allowed the
jury to convict based on conduct not alleged in the information and (2) the evidence is legally
insufficient to convict based on the information. We affirm.

BACKGROUND


 On December 22, 1999, Yvonne Arredondo was driving through her neighborhood
and noticed appellant sitting on a chair in the driveway of his residence. As Arredondo drove
past his driveway, appellant looked at Arredondo while spreading his legs and exposing his
genitals through the leg of his shorts. Appellant then slipped his hand in his shorts in a
"sexual manner" and exposed his private parts. Arredondo then drove around the corner to
get her neighbor as a witness. Together, Arredondo and her neighbor drove by appellant's
house where he was still sitting in his driveway with his legs open. Appellant had one side
of his shorts pulled up, and he was "playing with his testicles" with "a grin on his face." 

 DISCUSSION


 In two points of error, appellant contends that the trial court committed fundamental
error in that the jury charge authorized the jury to convict him for conduct not alleged in the
information or, in the alternative, that the evidence is legally insufficient to show appellant
acted with intent to arouse or gratify the sexual desire of Yvonne Arredondo. 

 The State concedes that the "record is insufficient to satisfy the requirements of an
authorized amendment of the information, as set out by precedent." An effective
amendment requires the actual, physical alteration of the face of the charging instrument. 
Riney v. State, 28 S.W.3d 561 (Tex. Crim. App. 2000) (quoting Ward v. State, 829 S.W.2d
787, 793 (Tex. Crim. App. 1992)). There being no amended charging instrument in the
record, we hold the information was never in fact amended, and, therefore, the jury charge
was error. 

Almanza Harm Analysis 

 The record reflects that the court asked if either the State or the defense had any
objections to the jury charge, and the defense responded, "The defense has no objections." 
Even if no objection is made at trial, appellant will obtain a reversal if the error is so
egregious and created such harm that he "has not had a fair and impartial trial." Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). The actual degree of harm must be
assayed in light of the entire jury charge, the state of the evidence, including the contested
issues and weight of the probative evidence, the argument of counsel, and any other relevant
information revealed by the record as a whole. Id. 

 Appellant was tried for the offense of indecent exposure. The information charging
him alleged, in pertinent part, that he exposed himself "with the intent to arouse and gratify
the sexual desire of Yvonne Arredondo." At some point, the State filed a motion for leave
to amend the information requesting that "with the intent to arouse and gratify the sexual
desire of Yvonne Arredondo" be changed to "with intent to arouse and gratify the sexual
desire of Herbert Clayton Caldwell." The record does not indicate whether the motion was
granted, and there is no amended information in the record. It is clear from the reporter's
record, however, that the trial proceeded as if the information had been amended. The
defendant was orally arraigned by the State reading the information containing the amended
language. The defendant then pled not guilty. At the close of the State's case, the defendant,
through his attorney, moved for an instructed verdict on the basis that ". . . the State has
failed to prove beyond a reasonable doubt that Mr. Caldwell committed any act or exposed
his genitals with intent to arouse and gratify the sexual desires of Herbert Clayton Caldwell." 
Prior to submitting the court's charge to the jury, the defense stated there were no objections. 
The charge contained the phrase "with intent to arouse and gratify the sexual desires of the
defendant."

 The trial proceeded as if the information had been amended. The State arraigned
appellant using the amended language; appellant moved for directed verdict using the
amended language; and, finally, appellant stated he had no objection to the jury charge,
which also used the amended language. We find that appellant has failed to show that the
error was so egregious and created such harm that "he has not had a fair and impartial trial.

Legal sufficiency under hypothetically correct charge

 We review legal sufficiency in the light most favorable to the verdict to determine if
any rational trier of fact could have found the elements of the crime beyond a reasonable
doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). The legal
sufficiency of the evidence is measured against a hypothetically correct jury charge. See
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury
charge is one that accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories
of liability, and adequately describes the particular offense for which the defendant was tried. 
Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). In the case at bar, the
hypothetically correct jury charge would agree with the original information, which alleged
appellant exposed his genitals "with intent to arouse and gratify sexual desire of Yvonne
Arredondo" rather than the jury charge read to the jury, which stated "with intent to arouse
and gratify the sexual desire of the Defendant." Id.

 From a review of the record, including Arredondo's testimony and her neighbor's
testimony, we find a rational trier of fact could find the elements of the crime beyond a
reasonable doubt. We overrule appellant's first and second points of error. We affirm.

 



 Sam Nuchia

 Justice


Panel consists of Justices Mirabal, Nuchia, and Price. (1)

Do not publish. Tex. R. App. P. 47.

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.