IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00110-CR

 

Lloyd Andrews,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court

Navarro County, Texas

Trial Court No. 611.24

 



MEMORANDUM  Opinion



 

The Clerk of this Court notified the appellant
that the clerk’s record was overdue in this cause and that the appeal may be
dismissed for want of prosecution if the appellant did not make the necessary
arrangements for the filing of the clerk’s record.  See Tex. R. App. P. 37.3(b), 44.3.  The
Court has received no response.  Accordingly, the appeal is dismissed for want
of prosecution.  Id.

                                                                                    

 

PER CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed October 29, 2008

Do
not publish

[CR25]

 






 14pt">                                                       \ 

CONCURRING OPINION
                                                                                                                

      The majority holds that the trial court erred by not physically writing on the face of the
original indictment the words of the approved amendment. Basically the majority holds that an
indictment cannot be amended by replacing one piece of paper that contains an error, omission,
or vague words with another piece of paper with the correct words on it. Logic and common
sense dictate that unless the statutes specifically require that the amendment must be made on the
same piece of paper, there is no reason that an amended indictment cannot be made by reprinting
the indictment with the language as amended.
      When Flores was decided in 1917


, virtually all court documents were done in hand. 
Occasionally a preprinted form would be used, with blanks to be filled in to fit a particular
situation. This was obviously before word processors, computers, desktop printers and copy
machines. Technology has changed and it is now a relatively simple process to amend (change,
improve, etc.) a document by replacing it with one that has been modified according to leave
obtained from the trial court. This is the way many documents in judicial proceedings have been
amended for years, particularly in the pleading of civil cases.
      The majority relies heavily on language in Ward v. State, 829 S.W.2d 787 (Tex. Crim. App. 
1992). Ward held that approval of an amendment is distinct from the actual amendment. In Ward,
an amendment had been approved but the Court of Criminal Appeals held “there being no
alteration to the face of the indictment, we hold the indictment was never in fact amended.” Id. 
at 792. One of the fundamental reasons was that without an actual change to the face of the
indictment, the defendant must look to multiple documents for notice of the charges. This was
analyzed and determined to be unconstitutional. The amended indictment in this case does not
suffer the same defect. By making the changes on the face of a newly printed document, the
requirement that the amendment be made on the face of the indictment is satisfied and the entire
indictment is contained in a single document as required by the constitution.
      Ward also discussed the legislative history of Art. 28.10 and 28.11


. The court summarizes
this history as follows:
What type substantive errors could be corrected in an indictment without thwarting the
will of the grand jury or violating an accused's constitutional right to grand jury
indictment in a felony cause? Although there were references to a court or prosecutor
amending a charging instrument, there was no testimony regarding the actual physical
mechanics of making an amendment to a charging instrument. This lack of testimony
indicates to us the legislature did not attach any technical or particular meaning to the
term "amend," and thus we will not frustrate legislative intent by applying a
hypertechnical interpretation to the term.
Ward at 829 S.W.2d at 792 [emphasis in the original]. If the Court of Criminal Appeals is
unwilling to frustrate legislative intent by applying a hypertechnical interpretation to the term
“amend,” neither will I.
      I would hold that if an amendment is made by physically changing the wording of the
indictment to the language which has been approved by the trial court pursuant to a motion as
required by Article 28.10, Article 28.11 and Ward, it meets the “change on the face of the
indictment” requirement of Ward. The defendant need not look beyond the single amended
document to determine what the charges are, as required by the constitution and as discussed at
length in Ward.
      I see no reason that an amendment to an indictment cannot have the same meaning here as it
does in civil practice. See Tex. R. Civ. P. 62-65. Such an amendment complies with both the
spirit and the purpose of Article 28.11, Flores and its progeny, including Ward and Rent v. State,
838 S.W.2d 548 (Tex. Crim. App. 1992) (op. on reh’g). I would hold that the trial court did not
err by allowing the amendment to the indictment to be made by preparing an instrument which
contained the altered language for the indictment as approved by the trial court.
      While the majority holds the trial court erred in allowing an amendment to be made by a new
instrument with the correct language in it, they hold that the evidence was sufficient to support a
conviction under the indictment as it existed prior to the attempted amendment. I find the evidence
was sufficient to support the conviction under the amended indictment, accordingly, I express my
concurrence in the result, if not the reasoning.


                                                                   TOM GRAY
                                                                   Justice

Concurring opinion delivered and filed December 15, 1999
Publish