NO. 07-09-0372-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JULY
16, 2010

 



 

LEONARDO PALOMERES LEDEZMA,

  

                                                                                         Appellant

v.

 

THE STATE OF TEXAS,

  

                                                                                         Appellee

_____________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 59,457-E; HONORABLE DOUGLAS
WOODBURN, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Judgment was entered against Leonardo Palomeres
Ledezma for possessing a controlled substance (methamphetamine) with intent to
deliver.  The offense, as described in
the indictment, encompassed a substance between the amount of four grams or
more but less than 200 grams.  Prior to
trial, however, the State orally sought permission to amend the indictment and
allege that the amount of contraband possessed was 400 grams or more.  Though the request was granted, there was no
written memorialization of the amendment of the indictment.  Moreover, the jury returned a verdict
convicting appellant of “the offense as charged in the indictment.”  Thereafter, the trial court entered judgment
reflecting that appellant was convicted of possessing an amount equal to 400
grams or more.  Before us, he contends that
the judgment should be reformed to reflect a conviction for possessing an amount
ranging from four to 200 grams.  He also
asks that the sentence be voided and the cause remanded for a new punishment hearing.  We modify the judgment and affirm it as
modified.  

Analysis

The language of an amended indictment must
be memorialized in a written document. Head
v. State, 299 S.W.3d 414, 437-38 (Tex. App.–Houston [14th Dist.]
2009, pet. ref’d).  A motion to amend and
the granting of it is not itself a perfected amendment but merely authorization
for the amendment.  Ward v. State, 829 S.W.2d 787, 793 (Tex. Crim. App. 1992), overruled in part on other grounds by Riney
v. State, 28 S.W.3d 561 (Tex. Crim. App. 2000).  The 
latter actually occurs through alteration of the charging instrument by means
such as handwriting, typing, interlining, redacting, id. n.14, or even
incorporating an amended photocopy of the instrument into the record.  Riney
v. State, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000).  None of that happened here, as the State
concedes.  It further acknowledges that the
operative allegations were those contained in the unaltered charging instrument
and encompassing an amount of contraband of at least four grams but less than
two hundred.  See Scott v. State, 253 S.W.3d 736, 740-41 (Tex. App.–Amarillo 2007,
pet. ref’d) (stating that the original indictment is in effect if it is not
amended); Serna v. State, 69 S.W.3d
377, 381 (Tex. App.–El Paso 2002, no pet.) (stating the same).  We therefore agree that the judgment should
be modified to reflect that appellant was convicted of the lesser offense as
argued by appellant.        

            As for
another punishment hearing, we find that unnecessary.  This is so because the error at issue was
harmless.[1]  Both the crime for which appellant was
indicted and for which he was convicted are felonies of the first degree.  Tex.
Health & Safety Code Ann. §481.112(d) & (f) (Vernon 2010).  Though their respective ranges of punishment
differ, they do only on the low end. 
That is, both carry a maximum of life or 99 years imprisonment.  Id. §491.112(f);
Tex. Penal Code Ann. §12.32
(Vernon Supp. 2009).  However, the
minimum term for possessing 400 or more grams of methamphetamine is fifteen
years, Tex. Health & Safety Code Ann.
§481.112(f) (Vernon 2010), while that for exercising control over less
than 200 grams is five years.   Tex. Penal Code Ann. §12.32 (Vernon
Supp. 2009).  Here, the trial court
levied a thirty five-year sentence, which is not only within the range applicable
to both but also obviously far from the ends of either range.   

            More
importantly, the term was so set after the trial court uttered:  “ . . . that was an awfully large quantity of
drugs that you were transporting . . . .” 
From this statement, one can only reasonably deduce that the quantity
involved influenced the trial court’s decision, and the quantity appellant
actually possessed remained the same irrespective of whether his conviction
reflected the crime described in the indictment or the attempted
amendment.  So, there is little to
suggest that the term of imprisonment would have differed had the trial court
realized that appellant could only have been convicted of possessing less than
200 grams.  And, we have been cited to no
authority prohibiting a trial court from levying a high sentence due to the
actual amount of drugs involved as opposed to the amount mentioned in the
indictment, so long as the sentence falls within the statutory range.  

            Also of note
is that appellant fails to question the fact that the State proved he possessed
400 or more grams of methamphetamine. 
Consequently, we cannot say that because the evidence of what appellant
possessed may have been less than strong, the sentence could differ.    

            Finally, the
authority cited by appellant as purportedly mandating a new punishment hearing
is inapposite.  In Soto v. State, No. 04-04-00630-CR, 2005 Tex. App. Lexis 4167 (Tex. App.–San Antonio, June
1, 2005, no pet.) (not designated for publication) the range of punishment
exceeded that allowed by statute. Id. at
*5-6.  Such is not true here.  Furthermore, the court stated that nothing of
record permitted one to infer that the sentence would have remained the same had
the trial court been aware of the lesser nature of the actual crime
committed.  Id. at *6-7.  Yet, we have
such evidence here, it being the trial court’s own comment about the large
quantity of drugs possessed and its levy of a sentence far from the minimum
applicable to either crime.  

            As for Lockette v. State, 874 S.W.2d 810 (Tex.
App.–Dallas 1994, pet. ref’d), the crimes involved there, aggravated robbery
versus robbery, were different types of felonies.  The former was a felony of the first degree
while the latter was a second degree felony. 
Id. at 818.  Additionally, what caused the court to reduce
Lockette’s conviction from aggravated robbery to robbery was the State’s
failure to prove the aggravated circumstance, i.e. the use of a deadly weapon. 
Here, however, we have the inverse. 
The prosecutor actually established what could be viewed as the aggravating
factor, that being a quantity of drugs far greater than the weight mentioned in
the indictment.  And, unlike the
situation in Lockette, both crimes
were felonies of the first degree here. 
Next, it may be reasonable to deduce that the absence of an aggravating
factor and the difference in the categorization of the crimes may influence a
trial judge to alter its sentence, as the reviewing court apparently thought in
Lockette.  But, without those circumstances, one can
only guess at whether the Lockette
panel would have held the same if confronted with the circumstances before
us.  And, we conclude that those
circumstances make all the difference.          

Accordingly, the judgment is modified to show
that appellant was convicted of possessing a controlled substance of at least
four grams but less than 200 (or an offense under §481.112(d) of the Health
& Safety Code) and, as modified, is affirmed.

 

                                                                        Brian
Quinn 

                                                                        Chief
Justice

Do not publish.

 

   

 








 











[1]Though
appellant contends that the error is
constitutional because several of his issues mentioned double jeopardy and the
denial of his right to a trial by jury, the mistake nevertheless entails the
failure to properly amend the charging instrument and the effect thereof.  That is not constitutional in nature.  Thus, whether the mistake is harmful and
warranting a new punishment hearing depends on whether a substantial right was
affected.  Tex. R. App. P. 44.2(b).