Yan Renate McHENRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 0033–92.

Court of Criminal Appeals of Texas, En Banc.

April 1, 1992.

Discretionary Review Refused April 1, 1992.

Rehearing Denied May 20, 1992.

John D. Nation, Dallas, for appellant.

John Vance, Dist. Atty., and Patricia Poppoff Noble, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant was convicted of conspiracy to possess a controlled substance. Punishment was assessed at confinement for ninety-nine years and a fine of $100,000.00. The Court of Appeals affirmed. *McHenry v. State*, 823 S.W.2d 667 (Tex.App.—Dallas, 1991).

Prior to trial, the State moved to amend the indictment. The trial court granted the motion and entered an order amending the indictment; however, the face of the indict-

ment was never physically altered to reflect the proposed amendment. The application paragraph of the jury charge set forth the allegations contained in the State's motion to amend the indictment rather than the allegations in the indictment. On direct appeal, appellant contended the evidence was insufficient to sustain the conviction because a fatal variance existed between the allegations in the indictment and the State's evidence at trial. The Court of Appeals rejected appellant's argument holding "under the facts of this case, the amendment to the original indictment was effective." *McHenry*, 823 S.W.2d at 671.

At the time of its decision, the Court of Appeals did not have the benefit of our recent decision in *Ward v. State*, 829 S.W.2d 787 (Tex.Cr.App.1992). In *Ward* we held that although the State's motion to amend the indictment had been granted, there had been no "amendment" because the face of the indictment had not been altered to reflect the proposed amendment.

Accordingly, appellant's petition for discretionary review is summarily granted, the judgment of the Court of Appeals is vacated and the case is remanded to the Court of Appeals for further consideration in light of *Ward*, supra.[1]

McCORMICK, P.J., concurs in the result.

---

1. We recognize that the Court of Appeals attempted to address appellant's contention that there was a fatal variance between the allegations in the "original" indictment and the State's evidence at trial. *McHenry*, 623 S.W.2d at 670. However, the Court of Appeals did not consider that the application paragraph of the jury charge set forth the allegations contained in the State's "Motion to Amend Indictment" *not* the allegations in the "original" indictment. *See, Jones v. State*, 815 S.W.2d 667, 671 (Tex.Cr.App. 1991); *Walker v. State*, 823 S.W.2d 247 (Tex.Cr. App.1991); *Biggins v. State*, 824 S.W.2d 179 (Tex.Cr.App.1992).