**Yan Renate McHENRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–00834–CR.**

Court of Appeals of Texas, Dallas.

Oct. 6, 1992.

Rehearing Denied Nov. 12, 1992.

---

John D. Nation, Dallas, for appellant.

Patricia Poppoff Noble, Asst. Dist. Atty., Dallas, for appellee.

Before BAKER, THOMAS, and CHAPMAN, JJ.

## OPINION ON REMAND

BAKER, Justice.

On original submission, we affirmed appellant's conviction for conspiracy to possess a controlled substance. *See McHenry v. State*, 823 S.W.2d 667 (Tex.App.—Dallas 1991), *rev'd*, 829 S.W.2d 803 (Tex.Crim.App. 1992). In doing so, we rejected appellant's argument that the court's order amending the indictment was not effective to amend the original indictment. *McHenry*, 823 S.W.2d at 671. We also held that the evidence was sufficient for the jury to find the elements of the offense beyond a reasonable doubt. *McHenry*, 823 S.W.2d at 672.

Appellant petitioned the Texas Court of Criminal Appeals for discretionary review. One of the three grounds asserted was that this Court erred in holding that the State effectively amended the indictment and that there was no fatal variance between the original indictment and the evidence adduced at trial. The court of criminal appeals summarily granted appellant's petition. That court reversed and remanded the cause to our Court for further consideration because of its opinion in *Ward v. State*, 829 S.W.2d 787 (Tex.Crim.App.1992). In *Ward*, the court of criminal appeals held that although the trial court granted the State's motion to amend the indictment, there was no "amendment" because the trial court did not alter the face of the indictment to show the amendment. *See Ward*, 829 S.W.2d at 804.

Upon remand to this Court, we advised appellant and the State of their right to rebrief the issue. *See Robinson v. State*, 790 S.W.2d 334, 335 (Tex.Crim.App.1990) (per curiam). Both appellant and the State filed briefs on remand.

In a single point of error, appellant contends the evidence is insufficient to sustain the conviction under the original indictment because the evidence did not show that appellant examined the cocaine sample. We disagree. We affirm the trial court's judgment.

## STANDARD OF REVIEW— SUFFICIENCY OF THE EVIDENCE

When we review a sufficiency of the evidence complaint, we view the evidence in the light most favorable to the verdict. We determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991).

## THE PARTIES' CONTENTIONS

### A. Appellant's Contentions

Appellant contends the issue on remand is whether the evidence is sufficient to prove the allegations in the original indictment. He asserts that because the amendment was ineffective, we should measure

the sufficiency of the evidence against the original indictment. Appellant relies on *Ward*, 829 S.W.2d at 795, to support this assertion.

### B. The State's Contentions

In a lengthy brief containing seven counterpoints of error, the State disagrees. The State's basic argument is that the issue is not one of sufficiency of the evidence but one of trial error because of a defective jury charge. The State argues that although the charge is erroneous, that error does not make the evidence insufficient to support the conviction.

### APPLICABLE LAW

In a bench trial, we can measure the evidence against only the indictment because there is no jury charge and verdict. *See Ward*, 829 S.W.2d at 795; *Montoya v. State*, 841 S.W.2d 419, 423 (Tex.App.—Dallas 1992, no pet. h.). In a bench trial, the discrepancy between the indictment and the evidence makes the evidence insufficient. The reviewing court must reverse and enter a judgment of acquittal. *See Ward*, 829 S.W.2d at 795.

However, in a jury trial, it is the charge that authorizes a conviction. *See Jones v. State*, 815 S.W.2d 667, 669 (Tex. Crim.App.1991); *Montoya*, at 423. The charge should correspond with and incorporate the allegations in the indictment. *Benson v. State*, 661 S.W.2d 708, 713 (Tex. Crim.App.1982). The trial court's failure to physically alter the indictment in a jury trial is trial error, but it does not make the evidence insufficient to support the conviction. *Montoya*, at 423. ,

We review the sufficiency of the evidence in the light most favorable to the verdict. We compare the evidence to the indictment as incorporated in the jury charge. *Garrett v. State*, 749 S.W.2d 784, 788 (Tex.Crim.App.1986). The indictment is directed to the defendant, and the charge is directed to the jury. *Benson*, 661 S.W.2d at 713.

In reviewing whether the evidence is sufficient to support a jury verdict, we focus on whether a jury, acting rationally, could have found the evidence sufficient to establish the elements of the offense beyond a reasonable doubt. *See Blankenship v. State*, 780 S.W.2d 198, 207 (Tex.Crim.App. 1989) (op. on reh'g).

### THE JURY CHARGE

The application paragraph of the charge stated:

> Now if you find from the evidence beyond a reasonable doubt that on or about the first day of February, 1990, in Dallas County, Texas, the Defendant, Yan Renate McHenry, did intentionally or knowingly agree with Billy James Fite and Leroy Curlin that they or one or more of them engage in conduct which would constitute the felony offense of possession of a controlled substance, to-wit: Cocaine, in an amount by aggregate weight, including any dilutants of 400 grams or more, and one or more of them performed an overt act, to-wit: examined and accepted a sample to facilitate the purchase of the above-described controlled substance, in pursuance of the aforementioned agreement with the intent that the offense of possession of a controlled substance be committed, then you will find the Defendant guilty as charged in the indictment.

At trial, appellant's only objection to the charge was that it did not include lesser included offenses. Appellant did not complain of the charge on original submission, nor does he complain of the charge on remand.

### THE TEN–KILO REVERSE STING

Appellant met with two persons at a local Dallas restaurant to arrange the sale of ten kilograms of cocaine to appellant. Appellant wanted to buy the ten kilos of cocaine at $19,500 per kilo. When appellant negotiated with these two individuals, he was unaware they were informants, sent to the restaurant by a narcotics officer to set up a reverse sting.

One of the informants testified he discussed the particulars of the transaction with appellant. After this discussion, appellant's two confederates joined the two informants and appellant. The five went to a local motel to complete the buy.

Shortly after arriving at the motel, the undercover officer appeared with a one-kilo sample of cocaine. All the parties met in one motel room where the officer produced the sample for inspection. The officer testified he negotiated with appellant and his two confederates. Appellant stood next to the officer while the two confederates physically inspected the sample.

The officer demanded to see the money. One confederate told the officer the money was in another room at the motel. The confederate also told the officer he could see the money when the officer produced the other nine kilos of cocaine. The officer said it was in his car. Appellant left with the officer to get the rest of the cocaine.

At this point, the officer arrested appellant. Other officers moved into the room and arrested appellant's confederates. The officer who acted as the seller found $206,000 cash in a suitcase in the room where one of the confederates said it would be located.

Appellant testified on his own behalf. He claimed he planned to buy a transmission shop from one of the individuals who was in fact a police informant. He claimed he was at the motel to complete the transmission shop purchase. He said he kept the $206,000 cash in a suitcase because he did not believe in banking institutions.

## APPLICATION OF THE LAW TO THE FACTS

■ The original indictment in the cause alleged appellant personally examined and negotiated to purchase a quantity of cocaine. On remand, as he did on original submission, appellant argues that the record shows appellant did not physically examine the cocaine sample. Appellant contends the word "examined" requires proof of actual physical contact with the cocaine sample.[1] He argues that the record shows appellant was standing next to the undercover officer and saw his confederates physically handle the cocaine sample. Appellant then argues that when measured against the allegations in the original indictment, the evidence is insufficient to prove those allegations. We disagree with appellant's premise and his conclusion.

Appellant's premise ignores the basic difference between a bench and jury trial. In the bench trial, there is no jury charge. The court, as the fact finder, must measure the evidence against the indictment. *Montoya*, at 423. In a jury trial, the charge authorizes a conviction. *See Jones*, 815 S.W.2d at 669; *Montoya*, at 423.

When we measure the evidence against the charge, we conclude any rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. Under the circumstances of this case, the evidence is sufficient to support the conviction when viewed in light of the jury charge. *See Jones*, 815 S.W.2d at 669–70; *Blankenship*, 780 S.W.2d at 207.

## CONCLUSION

We conclude appellant's point of error is without merit. We overrule it.[2] We affirm the trial court's judgment.

■

1. On original submission we disagreed with appellant's definition of the word "examine." · We determined examination does not require physical handling of the item. *See McHenry*, 823 S.W.2d at 672.

2. The issue of error in the jury charge is not before us. In view of our disposition of appellant's sole point of error, we do not deem it necessary to discuss the State's arguments.