## Yan Renate McHENRY, Appellant,

v.

## The STATE of Texas.

No. 1667–92.

Court of Criminal Appeals of Texas, En Banc.

April 5, 1995.

Rehearing Overruled May 17, 1995.

John D. Nation, Dallas, for appellant.

John Vance, Dist. Atty., and Patricia Pop-poff Noble, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

OVERSTREET, Judge.

Appellant was charged by indictment with conspiracy to possess cocaine, alleged to have been committed on or about February 1, 1990. In July of 1990, he was convicted in a trial by jury; whereafter the jury assessed punishment at 99 years confinement and a $100,000 fine. In *McHenry v. State,* 823 S.W.2d 667 (Tex.App.—Dallas 1991), the court of appeals affirmed, but this Court granted appellant's first petition for discretionary review and vacated the court of appeals' judgment. *McHenry v. State,* 829 S.W.2d 803 (Tex.Cr.App.1992). We remanded the case to the court of appeals for further consideration in light of our decision in *Ward*

*v. State,* 829 S.W.2d 787 (Tex.Cr.App.1992). On remand, the court of appeals reaffirmed appellant's conviction. *McHenry v. State,* 841 S.W.2d 455 (Tex.App.—Dallas 1992). We granted appellant's petition for discretionary review to determine whether the court of appeals erred in holding that a variance between the indictment and the evidence produced at trial was inconsequential because the evidence was sufficient when measured against the application portion of the jury charge, and whether appellant was at least entitled to a reversal and remand due to trial error.

We have carefully considered the two grounds for review and the briefs before us. After due consideration, we find that appellant's petition for discretionary review was improvidently granted. Accordingly, appellant's petition for discretionary review is dismissed.

Keller, J., not participating.

CLINTON, Judge, concurring.

Although I join the Court's judgment dismissing this cause, I write separately to explain that otherwise, in my view, the Court would be reaching appellant's first ground for review unnecessarily, and his second, unadvisedly.

*I.*

*A.*

This is the second time we have reviewed this cause. On original submission in the court of appeals, appellant contended the evidence was insufficient to show he personally committed the overt act of examining the contraband, pursuant to the offense of conspiracy to possess cocaine. The indictment had alleged appellant himself "examined" the cocaine. The State attempted to amend the indictment by changing the alleged overt act to reflect that any one of the conspirators "examined" the contraband. Appellant argued the amendment was not effective, and that, measured against the original, un-

amended indictment, the evidence was not sufficient to convict. The court of appeals responded by holding that it did not matter whether the evidence was measured against the original indictment, or the indictment as purportedly amended, because in either event the evidence was sufficient. *McHenry v. State*, 823 S.W.2d 667, at 671–72 (Tex. App.—Dallas 1991). No issue was made in the court of appeals of whether the trial court committed trial error by instructing the jury in accordance with the indictment as purportedly amended.

For some reason not clear to me in retrospect, this Court nevertheless granted appellant's first petition for discretionary review, and remanded the cause for the court of appeals to decide whether it should have measured sufficiency of the evidence against the unamended indictment, consistently with *Ward v. State*, 829 S.W.2d 787 (Tex.Cr.App. 1992). *McHenry v. State*, 829 S.W.2d 803 (Tex.Cr.App.1992). Because the court of appeals had in any event found on original submission that the evidence was sufficient under the indictment whether amended or not, our remand was quite pointless. Dutifully, the court of appeals reconsidered the cause anyway, and held that sufficiency should be measured against the jury charge. The jury charge mirrored the indictment as purportedly amended. Since the court of appeals had already declared the evidence sufficient as measured against the amended indictment, it is no surprise it held the evidence sufficient under the jury charge. *McHenry v. State*, 841 S.W.2d 455 (Tex. App.—Dallas 1992). For that matter, judging from its opinion on original submission, the court of appeals would have found the evidence sufficient on remand regardless of what it believed *Ward* dictates sufficiency be measured by.

Our review now of the court of appeals' opinion on remand would be as pointless as our first remand to that court was. It matters not a whit in this cause whether sufficiency is measured against what *Ward* contemplates is the "indictment," or against the jury charge which incorporated the purported amendment. The only reason we might

care whether the court of appeals identified the correct frame of reference for sufficiency review in this cause is that we disagree with its conclusion on original submission that the evidence was sufficient to show appellant personally examined the contraband, as alleged in the indictment. We are ordinarily loathe, however, to engage in that kind of fact-bound review of lower court judgments. *Arcila v. State*, 834 S.W.2d 357 (Tex.Cr.App. 1992).

### B.

Were we to hold (gratuitously) that the court of appeals correctly measured sufficiency against the jury charge, we would then face appellant's contention that we should at least hold the trial court committed trial error in submitting the jury charge in terms of the purportedly amended indictment instead of the indictment as originally drafted. But this contention comes too late. Appellant did not raise it in his original appeal. After our remand, the State argued for the first time that rather than measure sufficiency against the original indictment, as per *Ward*, the court of appeals should treat the whole matter as one of trial error in the jury charge. Ruling in the State's favor in the sufficiency claim, however, the court of appeals found no cause to resolve the State's contention regarding trial error. *McHenry*, supra, 841 S.W.2d at 457 & 458, n. 2. Only after losing his sufficiency claim on remand to the court of appeals did appellant argue, for the first time in a motion for rehearing, that he suffered trial error, and should at least be awarded a new trial.

The court of appeals was not required to entertain this claim, *Rochelle v. State*, 791 S.W.2d 121 (Tex.Cr.App.1990), and it did not. Consequently, there has been no "decision" from the court of appeals regarding trial error for this Court to review. In our capacity as a discretionary review court, we review only decisions of the courts of appeals. E.g., *Lee v. State*, 791 S.W.2d 141 (Tex.Cr.App. 1990). We would find it difficult to justify why, *Rochelle* and *Lee* notwithstanding, the Court reaches appellant's contention for the first time on discretionary review.

Many of the peculiarities of this case arise from the manner of the attempted amendment to the indictment, and the implications of our opinion in *Ward* to questions of how to gauge sufficiency of the evidence and trial error. Any opinion we issued would certainly be fact-bound and esoteric. This particular cause can be disposed of fully, however, without any reference to those peculiarities, and, after the bright line rule of *Ward* itself, prosecutors and judges are not likely to commit the same mistakes again. Thus, the peculiarities of this cause will not recur. The Court is being judicious to wait for a better occasion to discuss the proper measure for sufficiency of evidence.

## II.

Because the court of appeals held the evidence was sufficient whether measured against the unamended indictment or the jury instruction, appellant is not entitled to an acquittal. Because his claim of trial error comes too late, I also agree he is not entitled to a new trial. I therefore join the judgment of the Court.

McCORMICK, P.J., and WHITE and MEYERS, JJ., join.

MALONEY, Judge.

I join the majority's decision to improvidently grant this case, but write separately to point out why further analysis would be pointless.

The indictment alleged appellant committed the overt act of examining the contraband pursuant to the offense of conspiracy to possess cocaine. An attempted amendment alleged that the overt act was committed by *any one* of the conspirators. The jury instruction tracked the attempted amendment. On direct appeal, appellant complained of a fatal variance between the proof and the original indictment. The Court of Appeals found the evidence sufficient, whether measured under the original indictment or the attempted amendment. *McHenry v. State,* 823 S.W.2d 667, 672 (Tex.App.—Dallas 1991, pet. granted). The attempted amendment was subsequently held ineffective.[1] Since then, this Court in *Fisher v. State,* 887 S.W.2d 49 (Tex.Crim.App.1994), reaffirmed

that sufficiency of the evidence is measured against a jury instruction properly incorporating the allegations of the indictment. When the instruction broadens the basis upon which the State can obtain a conviction beyond that stated in a facially complete indictment, sufficiency is measured by comparing the evidence to the indictment as properly incorporated into the instruction, disregarding any language expanding upon the theory set forth in the indictment. *Fisher,* 887 S.W.2d at 57. Since the Court of Appeals already measured sufficiency against the allegations set forth in the original indictment, it would be fruitless to remand this case for essentially the same analysis conducted in the first instance. *McHenry,* 823 S.W.2d at 672.

MANSFIELD, J., joins.

---

1. We granted appellant's petition for discretionary review and remanded to the Court of Appeals to consider whether the amendment was effective in light of recent caselaw. *McHenry v. State,* 829 S.W.2d 803 (Tex.Crim.App.1992). The Court of Appeals found the amendment was not effective. *McHenry v. State,* 841 S.W.2d 455 (Tex.App.—Dallas 1992).