PD-1619-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/6/2015 12:53:21 PM
Accepted 3/6/2015 3:40:08 PM
ABEL ACOSTA
CLERK

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

CURTIS ROSCOE STAFFORD, §
  APPELLANT §
     §
V. §    NO.  PD-1619-14
     §
     §
THE STATE OF TEXAS, §
  APPELLEE §

ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW OF THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS'
UNPUBLISHED MEMORANDUM DECISION IN CASE NUMBER 02–
13–00060–CR, AFFIRMING THE AGGRAVATED SEXUAL ASSAULT
CONVICTION IN CAUSE NUMBER 1276266D IN THE 432ND DISTRICT
COURT OF TARRANT COUNTY, TEXAS; THE HONORABLE RUBEN
GONZALEZ, PRESIDING.

§ § §
STATE'S REPLY
TO
APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
§ § §

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

ANNE SWENSON, Assistant
Criminal District Attorney
State Bar No. 19575500
ccaappellatealerts@tarrantcounty.com

DEBRA WINDSOR, Assistant
Criminal District Attorney
Post-Conviction Chief

DAVID M. CURL, Assistant
Criminal District Attorney
401 W. Belknap Street
Fort Worth, Texas  76196-0201
(817) 884-1687
FAX (817) 884-1672
State Bar No. 05254950
ccaappellatealerts@tarrantcounty.com

FILED IN
COURT OF CRIMINAL APPEALS

March 6, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ...................................................................... iv

STATEMENT REGARDING ORAL ARGUMENT .................................. vii

STATEMENT OF THE CASE .................................................................. vii

STATEMENT OF PROCEDURAL HISTORY ........................................ viii

ARGUMENT ............................................................................................ 1

I.     Appellant's first ground for review does not comport
       with the complaint that he presented to the court of
       appeals ....................................................................................... 3

II.    Appellant's first ground for review presents an intensely
       fact-bound issue that is unworthy of discretionary review ............. 5

III.   Appellant's second ground for review seeks a prohibited
       advisory opinion and/or is based upon a misunderstanding
       of the law .................................................................................... 7

IV.    The court of appeals correctly concluded that any error
       was harmless ............................................................................... 8

       A.     The court of appeals' theory of harmlessness
              was correct ......................................................................... 8

       B.     Appellant's subsequent testimony (alleging that the
              victim was lying and consented) provides a compelling
              alternative basis for a finding of harmlessness ...................... 9

PRAYER FOR RELIEF ........................................................................ 12

CERTIFICATE OF COMPLIANCE........................................................ 13

CERTIFICATE OF SERVICE............................................................... 13

# INDEX OF AUTHORITIES

CASE(S)                                                                    PAGE(S)

Arcila v. State, 834 S.W.2d 357
    (Tex.Crim.App. 1992), *overruled on other grounds by*
    Guzman v. State, 955 S.W.2d 85
    (Tex.Crim.App. 1997) ................................................................. 5,12

Bass v. State, 270 S.W.3d 557
    (Tex.Crim.App. 2008) ...................................................................... 9

Blackwell v. State, 193 S.W.3d 1
    (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd) ........................ 9n,10

Casey v. State, 215 S.W.3d 870
    (Tex.Crim.App. 2007) .................................................................. 11n

Daggett v. State, 187 S.W.3d 444
    (Tex.Crim.App. 2005) ................................................................. 8,10

Dennis v. State, 178 S.W.3d 172
    (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd) ........................... 1n

Gigliobianco v. State, 210 S.W.3d 637
    (Tex.Crim.App. 2006) ..................................................................... 1n

McHenry v. State, 898 S.W.2d 300
    (Tex.Crim.App. 1995) ...................................................................... 5

Marlo v. State, 720 S.W.2d 496
    (Tex.Crim.App. 1986) ...................................................................... 4

Martin v. State, 173 S.W.3d 463
    (Tex.Crim.App. 2005) .................................................................. 9,9n

Maynard v. State, 685 S.W.2d 60
    (Tex.Crim.App. 1985) ....................................................................8,8n

People v. MacLeod, 176 P.3d 75
    (Colo. 2008) .......................................................................................7n

Plante v. State, 692 S.W.2d 487
    (Tex.Crim.App. 1985) .......................................................................1n

Rogers v. State, 853 S.W.2d 29
    (Tex.Crim.App. 1993) ....................................................................6,6n

Rubio v. State, 607 S.W.2d 498
    (Tex.Crim.App. 1980) ...................................................................... 10

Ex parte Ruiz, 750 S.W.2d 217
    (Tex.Crim.App. 1988) ........................................................................ 7

Siqueiros v. State, 685 S.W.2d 68
    (Tex.Crim.App. 1985) ...................................................................... 10

Stafford v. State, No. 02–13–00060–CR, 2014 WL 5878066
    (Tex. App.--Fort Worth Nov. 13, 2014, pet. filed)
    (mem. op., not designated for publication)........................ viii,1n,2,6

State v. Copeland, 399 S.W.3d 159
    (Tex.Crim.App. 2013) ........................................................................ 4

Taylor v. State, 109 S.W.3d 443
    (Tex.Crim.App. 2003) ........................................................................ 4

Tucker v. State, ___ S.W.3d ___,
    No. 04–12–00602–CR, 2014 WL 5099429
    (Tex. App.–San Antonio Oct. 8, 2014, no pet.)................................. 9

RULE(S):

TEX. R. APP. P. 9.4(i)(2)(D) ................................................................. 13

TEX. R. APP. P. 68.4(h) ........................................................................ 8

TEX. R. APP. P. 68.9 ............................................................................ vii

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

CURTIS ROSCOE STAFFORD,　§
　　　APPELLANT　　　　　　　§
V.　　　　　　　　　　　　　　§　　　NO.　PD-1619-14
　　　　　　　　　　　　　　　§
THE STATE OF TEXAS,　　　§
　　　APPELLEE　　　　　　　§

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, the State of Texas, by and through Sharen Wilson, the Criminal District Attorney of Tarrant County, and timely files this the State's Reply to Appellant's Petition for Discretionary Review. See generally TEX. R. APP. P. 68.9.

## STATEMENT REGARDING ORAL ARGUMENT

If review is granted, the State believes that oral argument would not be helpful.

## STATEMENT OF THE CASE

This case involves a conviction for aggravated sexual assault. CR. I-1-103.

## STATEMENT OF PROCEDURAL HISTORY

A jury found Appellant Curtis Roscoe Stafford guilty of Aggravated Sexual Assault (with a deadly weapon, to-wit: a firearm).  RR. VI-6-8 (verdict and polling of jury); CR. I-87 (verdict form signed by jury foreperson); CR. I-103 (trial court judgment signed on February 8, 2013, showing jury guilty verdict and deadly weapon finding); see also CR. I-6-7 (indictment).  Appellant subsequently pled true to the repeat offender enhancement, see RR. VII-5, and the jury assessed Appellant a 22-year sentence.  CR. I-101 (punishment verdict form signed by jury foreperson); CR. I-103 (trial court judgment showing jury assessed Appellant a 22-year sentence in punishment); RR. VII-32-34.

The Court of Appeals for the Second District of Texas (Fort Worth) affirmed Appellant's Aggravated Sexual Assault conviction in an unpublished memorandum opinion issued on November 13, 2014.  Stafford v. State, No. 02–13–00060–CR, 2014 WL 5878066 (Tex. App.--Fort Worth Nov. 13, 2014, pet. filed) (mem. op., not designated for publication).

On November 28, 2014, Appellant filed a motion for rehearing that was denied on January 22, 2015.  Appellant requested and received an extension of time to file his petition seeking discretionary review and

Appellant's Petition for Discretionary Review was filed in this Court on February 19, 2015.

## ARGUMENT

Appellant's petition concerns an extraneous offense that was admitted during the State's case-in-chief.[1]  RR. V-45-46.  The extraneous offense took place in April 1985 when Appellant sexually assaulted Ms. C. during an armed robbery.  RR. V-111-16.[2]

---

[1]  Appellant made no objection at trial that the 1985 sexual assault was not sufficiently similar to the charged offense.  RR. V-39-40.  At trial, Appellant's main objection was that the only defensive theory which the State is allowed to rebut is a blanket denial of the defendant being the type of person who would commit the charged offense.  RR. V-19-20.

In any event, the similarity requirement for an extraneous offense offered on the issue of "intent" is lower than the signature crime requirement for extraneous offenses offered to prove identity.  Plante v. State, 692 S.W.2d 487, 492–93 (Tex.Crim.App. 1985); see also Dennis v. State, 178 S.W.3d 172, 179 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd) (similarity required to admit extraneous offense evidence to rebut appellant's frame-up defense is less than that required when extraneous offense evidence is used to show defendant's system).  In both the charged offense and the extraneous offense, Appellant used a weapon to facilitate the sexual assault of an adult woman, who was a stranger to Appellant.

The State would also point out that Appellant's protestations of the State's need for the extraneous offense evidence, see Pet. at 7, provide strong support for finding that the extraneous offense was admissible.  Gigliobianco v. State, 210 S.W.3d 637, 641 (Tex.Crim.App. 2006) (Rule 403 analysis).

[2]  Appellant testified that he was sentenced to 25 years after pleading guilty to aggravated robbery and was released on parole in 2009.  RR. V-127-28, 146.  Appellant testified that he had "consensual" sex with Ms. C., the extraneous offense victim, during the aggravated robbery.  RR. V-146-47.  Such a claim supports a conclusion that Appellant has an unreasonable definition of the word "consensual."

In its harm analysis, the court of appeals refused to consider Appellant's ostentatious admissions related to the extraneous offense.  Stafford, 2014 WL 5878066, at *5; see RR. V-125-28 (on direct, Appellant testifies {1} that he

1

The court of appeals declined to address whether this extraneous offense was properly admitted and instead ruled that any possible error was harmless. Stafford, 2014 WL 5878066, at *5. The court of appeals finding of harmlessness was based upon Appellant's admissions to (1) being in sex offender counseling, and (2) being in "a life out of control, mired in illicit sex, drugs, and alcohol." Id. Moreover, the court of appeals held that Appellant's admission to being in sex offender counseling, standing alone, opened the door as to why Appellant was in such counseling. Id. ("[I]n the context of this trial, [Appellant's testimony that he was in counseling as a sex offender when he encountered the complainant (Ms. D.)] opens the door to questions about his history of sex offenses. Additionally, implicit in the fact of treatment as a sex offender is the inference that Appellant is a sex offender and was a sex offender before encountering the complainant.").

admitted to police and later, as part of a plea bargain, judicially confessed to robbing and sexually assaulting extraneous offense victim, Ms. C., {2} that he agrees with everything Ms. C. testified to, and {3} that he affirms Ms. C. was correct in what she said except for the part about Appellant threatening to kill her -- claiming that he did not threaten to kill anyone). Appellant was able in his closing argument to turn the extraneous offense into a weapon against the State. RR. V-182; RR. V-190 ("[Appellant] looked at you, and he told you, [']Yep, I messed up real bad, went to prison for it, but when it came to this offense . . . I did not rape her.[']").

2

In his petition, Appellant complains that (1) the court of appeals erred in concluding that Appellant's admission of being in sex offender counseling (a) fell outside the scope of responding to an allegedly improperly-admitted 1985 extraneous offense, and (b) supported a finding of harmless error, <u>see</u> Pet. at iii; and (2) Appellant's testimony that he took illegal drugs, drank alcohol and frequented prostitutes while on parole did not, by itself, justify a finding of harmless error. Pet. at iii.

I. *Appellant's first ground for review does not comport with the complaint that he presented to the court of appeals.*

In his first ground for review, Appellant contends that his testimony about being in sex offender counseling should have formed no part of the court of appeals' harmless error review because Appellant's testimony somehow mitigated the allegedly improperly-admitted extraneous offense. Pet. at 7-8.[3] Appellant presented no such argument to the court of appeals.

---

[3] Appellant's mitigation theory is unworkable and does not comport with this Court's precedent. Virtually anything could be pitched as being allegedly mitigating. Indeed, it is somewhat surprising that Appellant has not attempted to fit his frequent use of drugs and prostitutes (RR. V-129-31) within the "mitigation" exception that he attempts to create.

In any event, Appellant's mitigation theory – *i.e.*, that he is a changed person – relates only to issues of punishment. Appellant's admission to being in sex offender counseling was presented by Appellant on direct examination during the guilt-innocence phase of trial. RR. V-129.

3

Instead (and in the context of trying to establish that his evidentiary complaint about the admission of the extraneous offense evidence had been properly preserved below), Appellant's briefing in the court of appeals referred nebulously to Appellant having "later testified regarding those matters . . . ." Appellant's coa br. at 48. Appellant's allusion to "those matters" was obviously a reference to the evidence that "[Appellant] objected to . . . ." Appellant coa br. at 48. And the evidence that Appellant "objected to" was the extraneous offense evidence – not the evidence that Appellant gratuitously testified to on direct examination.

An appellant should be required to alert the court of appeals of the alleged impropriety <u>before</u> he should be heard to attack the appellate court for its reliance on <u>evidence that was first presented to the jury by the appellant</u>. <u>See</u> <u>Marlo v. State</u>, 720 S.W.2d 496, 499–500 n.7 (Tex.Crim.App. 1986) (argument first presented in petition for discretionary review will not be considered); <u>see</u> <u>also</u> State v. Copeland, 399 S.W.3d 159, 162 n.4 (Tex.Crim.App. 2013) (questioning whether theory not asserted in court of appeals was forfeited); <u>Taylor v. State</u>, 109 S.W.3d 443, 449 n.25 (Tex.Crim.App. 2003) ("[W]e will not address this potential

argument because it was not raised by the parties or addressed by the Court of Appeals and involves a significantly different type of harmlessness theory from the ones presented.").

II.  *Appellant's first ground for review presents an intensely fact-bound issue that is unworthy of discretionary review.*

Appellant's first complaint presents a highly fact-bound issue that is unworthy of discretionary review.  Arcila v. State, 834 S.W.2d 357, 360 (Tex.Crim.App. 1992) ("except under compelling circumstances, ultimate responsibility for the resolution of factual disputes lies elsewhere"), *overruled on other grounds by* Guzman v. State, 955 S.W.2d 85, 90 (Tex.Crim.App. 1997).   As far as the State can tell, no other Texas appellant has raised a complaint concerning appellate court consideration of a defendant's own guilt-phase testimony admitting to being in sex offender counseling.  Thus, the question that Appellant now invites the Court to address would have no relevance for any other case.  See McHenry v. State, 898 S.W.2d 300, 302 (Tex.Crim.App. 1995) (Clinton, J., concurring in denial of review) ("The only reason we might care whether the court of appeals identified the correct frame of reference for sufficiency review in this cause is that we disagree with its conclusion on original submission

that the evidence was sufficient to show appellant personally examined the contraband, as alleged in the indictment. We are ordinarily loathe, however, to engage in that kind of fact-bound review of lower court judgments.").

Moreover, the only theory that the State can decipher in Appellant's petition for expanding the Rogers exception[4] is Appellant's conclusory declaration that Appellant's then current (2013) sex offender counseling was within the scope of responding to a 1985 extraneous sexual assault. See Pet. at 7-8. Appellant's assertion addresses only part of the evidence relied upon by the court of appeals in its harmless error holding. See Stafford, 2014 WL 5878066, at *4-5. To the extent that Appellant's assertion could have any relation to the issues before the jury at guilt-innocence, Appellant's theory must relate to character conformity. See Pet. at 8 ("It was also a showing that . . . [Appellant] is no longer the person that he was . . . ."). That is, Appellant's theory would have to be that he

---

4    Rogers v. State, 853 S.W.2d 29, 35 (Tex.Crim.App. 1993) ("The general rule is that error regarding improperly admitted evidence is waived if that same evidence is brought in later by the defendant or by the State without objection. However, error is not waived when the evidence is brought in later in an effort to meet, rebut, destroy, deny or explain the improperly admitted evidence.") (citations omitted).

should be allowed to respond to the extraneous with evidence supporting a claim that he now lacks a character trait for sexual assault. But the extraneous offense was not admissible to show that Appellant was a rapist generally and the trial court instructed the jury accordingly. RR. V-119; CR. I-183-84 (limiting instruction in jury charge).

III.  *Appellant's second ground for review seeks a prohibited advisory opinion and/or is based upon a misunderstanding of the law.*

Appellant's second complaint to this Court is that the non-sex-offender-counseling evidence discussed in the court of appeals' harmless error analysis does not <u>by itself</u> justify a finding of harmlessness. Pet. at iii, 8-9. Leaving aside Appellant's peculiar theories about the (alleged) positive aspects of evidence that he frequently used prostitutes,[5] Appellant's second ground is not a basis for relief.  <u>Ex parte Ruiz</u>, 750 S.W.2d 217, 218 (Tex.Crim.App. 1988).

---

[5]    Appellant's petition simultaneously asserts that (1) Appellant is "no longer the person he was," Pet. at 8; and (2) Appellant's frequent use of prostitutes is evidence weighing against a finding of guilt. Pet. at 9. Appellant's theory seems to be that rapists are only people who lack the money for, or access to, prostitutes. Such a view of sexual assault makes little sense. <u>See</u> <u>People v. MacLeod</u>, 176 P.3d 75, 79 (Colo. 2008) ("The rape shield statute was passed in the 1970s when the General Assembly, as part of a national trend, changed the common law understanding of sexual assault as a crime of passion and recognized it as a hostile crime of violence and domination.").

Alternatively, Appellant's assertion that the consideration of this evidence "conflicts with <u>Maynard</u> as well," Pet. iii,[6] suggests a claim that <u>everything a defendant says</u> fits within the <u>Rogers</u> exception. If Appellant is intending to present such a complaint, (1) it is unexplained in his petition, <u>see</u> TEX. R. APP. P. 68.4(h), and (2) it is erroneous. <u>See</u>, <u>e.g.</u>, <u>Daggett v. State</u>, 187 S.W.3d 444, 453-54 (Tex.Crim.App. 2005) (defendant's testimony rendered prematurely admitted extraneous offense harmless).

IV. *The court of appeals correctly concluded that any error was harmless.*

A. *The court of appeals' theory of harmlessness was correct.*

Appellant admitted on direct examination that he was in sex offender counseling at the time of the charged offense. RR. V-129. Such testimony had no relationship at the guilt-innocence phase to the <u>Rogers</u> "meet, rebut or destroy" exception and was properly used in the court of appeals' harm analysis. Appellant makes no contention that the error he alleges was harmful if this admission can be properly considered. Such an admission is not only powerful evidence overwhelming the impact of the extraneous

---

[6]     <u>Maynard v. State</u>, 685 S.W.2d 60, 35 (Tex.Crim.App. 1985).

offense, it is also an admission that opened the door as to <u>why</u> Appellant was in sex offender counseling.

> B. *Appellant's subsequent testimony (alleging that the victim was lying and consented) provides a compelling alternative basis for a finding of harmlessness.*

The State may present extraneous-offense evidence to rebut a theory of fabrication. <u>Bass v. State</u>, 270 S.W.3d 557, 563 (Tex.Crim.App. 2008); <u>Tucker v. State</u>, ___ S.W.3d ___, No. 04–12–00602–CR, 2014 WL 5099429, at *6 (Tex. App.–San Antonio Oct. 8, 2014, no pet.).[7] The State is also entitled to rebut a consent (or lack of intent) defensive theory. <u>Martin v. State</u>, 173 S.W.3d 463, 466-68 (Tex.Crim.App. 2005) (defendant opened the door to daughter KT's extraneous-offense testimony where defendant testified that one of the child victims in the charged aggravated sexual assault/indecency with a child prosecution, stepdaughter Ka, never accepted the defendant as part of the family, and money was the defendant's theory for why everyone, including stepdaughters Ka and Ky,

---

7    Admittedly, the trial court's limiting instructions omitted a fabrication theory. RR. V-119; CR. I-83-84. Nonetheless, the intent theory that was submitted, <u>see</u> CR. I-83, subsumes the issues of consent and fabrication. <u>See</u> <u>Martin v. State</u>, 173 S.W.3d 463, 465-66 & n.1 (Tex.Crim.App. 2005); <u>Blackwell</u> <u>v. State</u>, 193 S.W.3d 1, 12-15 (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd).

9

had lied); see also Blackwell, 193 S.W.3d at 10-11 (extraneous offenses were admissible to rebut the defensive theory that appellant lacked the intent to have sexual contact with J.H.). When the door is opened by the defense after the extraneous offense has been admitted any error will be found to be harmless. Daggett, 187 S.W.3d at 453-54; Siqueiros v. State, 685 S.W.2d 68, 71 (Tex.Crim.App. 1985); Rubio v. State, 607 S.W.2d 498, 502 (Tex.Crim.App. 1980) (premature admission of extraneous attempted sexual assault was rendered harmless when defendant subsequently raised the defense of consent).

After the extraneous offense was admitted, Appellant effectively testified that the victim (Ms. D.) was lying.[8]  RR. V-133-34 (Appellant

---

[8]  Appellant's entire defense was that the victim (Ms. D.) was lying. RR. IV-15 (Defense opening statement: "[Appellant and Ms. D.] come together in an agreement, they have sex.  She ends up having to go back home to the boyfriend, and she has to answer for why is it that you have no panties on.").  The defense reasserted the fabrication/lack of intent defense in its cross examination of the victim (Ms. D.).  RR. IV-49 ("[Y]ou would agree with me that having to talk to [your boyfriend] about being out, gone and then having sex is -- that was embarrassing, wasn't it?"); RR. IV-61 ("[W]hen you talk about your boyfriend being in the waiting room, you would agree with me that he was there to find out if you really had been raped, wasn't he?").

The defense's cross-examination of the victim also accused the victim of: (1) being a prostitute, see RR. IV-51-54, 56, and (2) attempting an armed robbery of Appellant.  RR. IV-54.

The trial court interpreted Appellant's cross examination of the victim as: "[Y]ou're . . . telling the jury, through your questioning, that she is the instigator,

claims that victim told him that she wanted to have some fun and directed him to drive to a secluded spot); RR. V-137 ("[I]t was consensual."): RR. V-141 (the sex and drugs were "agreed to"); RR. V-139 ("I gave her 20 bucks."). Appellant claimed that, during sex, the victim pulled a gun on him. RR. V-137. Appellant testified that he disarmed the victim. RR. V-137-38. Finally, Appellant testified that the victim told him that she did not want her boyfriend to know that "she'd been out having sex." RR. V-139.[9]

Appellant's closing argument emphasized the consent/lack of intent based defense that Appellant had been making throughout the trial:

> Now, when you look at the Jury Charge, you're going to see over and over and over when you begin to look at the pages from pages 5 and 6 and 7 and 8, there's this phrase that you will see and you will think over and over, without the person's consent. Without the person's consent. Without that person's consent. Without the person's -- the other person's consent.
> And it's just repeated over and over. Without the consent. Without the consent. Without the

---

she was not raped and she's the one with the weapon, correct?" RR. V-40. Thus, Appellant had opened the door to rebuttal of his claim of fabrication long before the extraneous offense was admitted.

[9] Appellant's lying-because-of-boyfriend and prostitute defenses are remarkably similar to the defenses which were found to have opened the door in Casey v. State, 215 S.W.3d 870, 876 (Tex.Crim.App. 2007).

consent. Without the consent. That just hasn't been proven.

RR. V-185-86.

In sum, the court of appeals finding that any error was harmless should be accepted as correct in light of Appellant's repeated acts of opening the door to the extraneous 1985 sexual assault.

Finally, to the extent that Appellant presents a standard argument that the alleged error was not harmless, <u>see</u> Pet. at 7-8, that argument does not comport with the issues Appellant presents to the Court. Pet. at iii. Such an argument is also an intensely fact-bound matter unworthy of discretionary review. <u>Arcila</u>, 834 S.W.2d at 360.

<u>PRAYER FOR RELIEF</u>

Wherefore, Premises Considered, the State prays that the Court refuse Appellant's petition for discretionary review.

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR, Assistant
Criminal District Attorney
Post-Conviction Chief

/s/ ANNE SWENSON

ANNE SWENSON, Assistant
Criminal District Attorney
State Bar No. 19575500
ccaappellatealerts@tarrantcounty.com

/s/ DAVID M. CURL_____
DAVID M. CURL, Assistant
Criminal District Attorney
State Bar No. 05254950
401 W. Belknap Street
Fort Worth, Texas 76196-0201
(817) 884-1687
FAX (817) 884-1672
ccaappellatealerts@tarrantcounty.com

CERTIFICATE OF COMPLIANCE

The number of words in the portions of the document covered by TEX. R. APP. P. 9.4(i)(2)(D) are 3,132.

/s/ DAVID M. CURL_____
DAVID M. CURL, Assistant
Criminal District Attorney

CERTIFICATE OF SERVICE

One copy of the State's Reply to Appellant's Petition for Discretionary Review has been electronically sent to: (1) counsel for Appellant Curtis Roscoe Stafford, Mr. Paul Francis at pfrancis@birch.net, and (2) Ms. Lisa McMinn, the State Prosecuting Attorney, at information@spa.texas.gov, on this, the 6th day of March 2015.

/s/ DAVID M. CURL_____
DAVID M. CURL, Assistant
Criminal District Attorney

13